# Henry Moye *v.* The State.

## (*Nashville.* December Term, 1917.)

1. **STATUTES.** Subjects and title. Crimes.

Acts 1915, chapter 125, entitled "An act to require husbands to provide for their wives, . . . " and providing that it is a misdemeanor (a) for any husband to willfully and without good cause neglect or fail to provide for his wife according to his means, and (b) for any husband willfully and without good cause to leave his wife destitute or in danger of becoming a public charge, does not violate Constitution article 2, section 17, providing that no bill shall embrace more than one subject, that subject to be expressed in the title. (*Post, p.* 682.)

Acts cited and construed: Acts 1915, ch. 125.

Constitution cited and construed: Art. 2, sec. 17.

2. **CONSTITUTIONAL LAW.** Depriving of liberty. Law of the land.

Acts 1915, chapter 125, providing that the judge of the juvenile court shall, if he pleads guilty, bind a husband charged with nonsupport over for the action of the grand jury under bond, should be read in the light of Thompson-Shannon Code, section 6976, providing that no person can be committed to prison for any criminal matter until examination thereof be first had before some magistrate, and the judge before committing an accused to jail for failure to obtain a bond should hear evidence as to the existence of a probable cause of guilt, unless there were a waiver by the accused, and hence the statute does not violate Constitution, article 1, section 8, providing that no person shall be taken or imprisoned or in any manner deprived of his liberty but by the judgment of his peers of the law of the land. (*Post, pp.* 683, 684.)

Acts cited and construed: Acts 1915, ch. 125.

Moye v. State.

Code cited and construed: Sec. 6976(T.-S.).

Constitution cited and construed: Art. 1, sec. 8, (1870). sec. 8, (1870).

3. **INDICTMENT AND INFORMATION.** Wife as prosecutrix. Nonsupport.

In view of Thompson-Shannon Code, section 4505, providing deserted wife may sue and be sued, a deserted wife may be prosecutrix on an indictment against her husband for nonsupport under Acts 1915, chapter 125. (*Post, p.* 684.)

Case cited and approved: Cocke v. Garrett, 66 Tenn., 360.

Case cited and distinguished: State v. Travis, 1 Shan. Tenn. Cas., 593.

Code cited and construed: Sec. 4505 (T.-S.).

FROM LAWRENCE.

Appeal from the Circuit Court of Lawrence County.—W. B. TURNER, Judge.

HAMILTON PARKS and J. D. BURCH, for Moye.

WM. H. SWIGGART, JR., Assistant Attorney-General, for the State.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

Moye was convicted of a misdemeanor in failing to provide for his wife, under Act 1915, chapter 125, and has appealed.

The first contention is that the statute on which the prosecution is based is unconstitutional because it violates that provision of article 2, section 17, of the Constitution of this State which provides that no bill shall become a law which embraces more than one subject, that subject to be expressed in the title.

It is urged that two distinct misdemeanors are defined in the first section of the act: (a) For any husband to willfully and without good cause neglect or fail to provide for his wife according to his means; and (b) for any husband willfully and without good cause to leave his wife destitute or in danger of becoming a public charge. It is said that, there being two misdemeanors, there are two distinct subjects.

The title of the act is as follows:

"An act to require husbands to provide for their wives; declaring it to be a misdemeanor to fail to do so; fixing the penalty therefor and method of procedure in such causes."

The title purports to deal with but a single misdemeanor, and that a failure on the part of husbands to provide for the support of their wives. The two clauses of section 1 which plaintiff in error insists define two distinct misdemeanors merely state separate manifestations or phases which such a failure to support may present in order to become the offense declared to be the particular misdemeanor. The constitutional provision is not violated.

It is further contended that the statute is unconstitutional as a whole, or in part at least, because of its violation of article 1, section 8, of the Constitution of 1870, which provides that no person shall be taken or imprisoned or in any manner deprived of his liberty but by the judgment of his peers or the law of the land.

The section of the statute against which the objection is leveled is that which gives the judge of the juvenile court power to bind an accused over for trial:

"If the defendant pleads 'not guilty,' the judge shall bind the defendant over for the action of the grand jury, under bond in a sum not exceeding one thousand dollars, to secure his appearance at the trial." Laws 1915, chapter 125, section 3.

It is argued that this compels the juvenile court judge to bind over and require bond, and that on failure of the defendant to comply he is to be imprisoned, all without a hearing.

The statute does not expressly require a binding over without a hearing. The quoted provision should be read in the light of section 6976, Thompson-Shannon Code, · which provides that no person can be committed to prison for any criminal matter until examination thereof be first had before some magistrate. Before committing an accused to jail the juvenile court judge would hear evidence as to the existence of a probable case of guilt as in other cases involving criminal charges, unless there were a waiver by the accused. No constitutional right would be

denied.  It does not appear that defendant was denied such rights.

Another assignment of error is to the effect that the wife appears as prosecutrix on the indictment, and it is urged that a married woman is incompetent to act as prosecutrix against her husband.

It has been held that a married woman who has been deserted by her husband may be prosecutrix on an indictment against a third person. *State* v. *Travis,* 1 Shan. Tenn. Cas., 593.  Since by Thompson-Shannon Code, section 4505, she may sue and be sued for any cause of action accruing subsequently to such desertion, and as if a *feme sole* (*Cocke* v. *Garrett,* 7 Baxt., 360), we hold that she was a competent prosecutrix in this case.  The language of Judge MCFARLLAND in the Travis Case is peculiarly applicable here:

"A married woman so situated needs the protection of the law afforded by criminal prosecutions against those who commit crimes directly affecting her and her family, and in many cases, unless she is allowed to prosecute, the law would go unexecuted. We think the law should be liberally construed to carry out this object."

The other assignments of error are disposed of in the judgment, which is one of affirmance.