STATE v. KIRBY.

(*Nashville*. December Term, 1934.)

Opinion filed March 31, 1934.

W. F. BARRY, JR., Assistant Attorney-General, and MILTON DAVENPORT, of Nashville, for the State.

TURNER & HASTON, of McMinnville, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

The defendant was charged with criminal libel in an indictment reported by the grand jury upon the accusation of his wife, Mary Kirby, marked as prosecutor. It was charged in the indictment that the defendant, with intent to defame, published in a newspaper the slanderous statement that: "My wife, Mary Kirby, is away from home. I hereby notify all persons who have her in charge, using her for any ill fame, or any other purpose that may keep her away from me, that they may depend on being punished to the extent of the law."

The trial judge dismissed the indictment upon defendant's motion to quash and the state appealed. While the motion contained other grounds the determinative question presented by the motion and the assignments of error to the action of the trial judge is whether or not the wife can prosecute the husband for criminal libel in the absence of a statute modifying the common law.

Under the common law, neither the husband nor wife could sue the other for tort committed during coverture (*Tobin* v. *Gelrich,* 162 Tenn., 96, 34 S. W. (2d), 1058), nor could the wife, under coverture, prosecute the husband for defamatory libel (37 C. J., 145; 13 R. C. L., 1400).

■ In *Lillienkamp* v. *Rippetoe,* 133 Tenn., 57, 179 S. W., 628, L. R. A., 1916B, 881, Ann. Cas., 1917C, 901, it was held that the unity of marriage and respective rights and duties involved in the marriage relation, which forbade one spouse suing the other for tort committed during coverture, was not abolished by the statute. Chapter 26, Pub. Acts of 1913; chapter 126, Pub. Acts of 1919. But this rule, applicable to private actions, does not extend to public actions involving offenses against the state. In public actions any one legally competent may become the prosecutor, for in them the state rather than the individual is wronged.

■ ■ It is urged by the defendant, upon authority of *State* v. *Tankersly,* 6 Lea, 582 (*Wattingham* v. *State,* 5 Sneed, 64; *Moyers* v. *State,* 11 Humph., 40), that since the wife's defense of the disability of coverture could relieve her against taxation of costs in groundless and malicious prosecutions, and of liability from damages for false imprisonment and malicious prosecution, she cannot prosecute upon an indictment.

Chapter 126, Acts of 1919, Code, section 8460, removed the disability of married women, except as indicated in *Lillienkamp* v. *Rippetoe, supra,* so that now the wife may be taxed with cost of a frivolous or maliciously grounded indictment. By section 8632 of the Code, the wife living apart from her husband may sue and be sued for any cause of action accruing after separation.

It appears from the indictment that the prosecutor and the defendant were living apart and the marital union did not exist when the husband published the alleged defamatory matter. In that situation the wife, under section 8632 of the Code, could be sued if her prosecution is malicious, and under the statutes, taken to-

gether, we conclude, as in *Cocke* v. *Garrett*, 7 Baxt., 360, and *Moye* v. *State*, 139 Tenn., 680, 202 S. W., 919, that the wife may become the prosecutor upon the indictment against her husband for defaming her.

The judgment of the trial court will be reversed and the cause remanded for trial.