STATE *ex rel.* LOUDY *v.* SELL, SHERIFF, *et al.*

(*Knoxville,* September Term, 1939.)

Opinion filed November 25, 1939.

GUINN & MITCHELL, of Johnson City, for plaintiff in error.

SAM R. HOWELL, of Johnson City, for defendants in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a *habeas corpus* proceedings brought on the relation of Velma Loudy to procure the release from custody of her brother, Willie Loudy. The petition was dismissed in the court below and the relator has appealed in error. The facts in the case appear by stipulation as follows:

"That Willie Loudy, in whose behalf the relator filed this petition, is married, has a wife and two children, and is a person about twenty-six years old; that in October, 1938, Margaret McCampbell, Judge of the Juvenile Court at Johnson City, Tennessee, issued a warrant for the arrest of the said Willie Loudy; that he was arrested and brought before her and tried by her as such Juvenile Judge for failing to support his wife and children, adjudged guilty, and ordered by the Court to pay for the use and benefit of his wife and children the sum of $20.00 per month. That the said Willie Loudy failed to

make bond or pay the $20.00 per month. That on March 17th, a *mittimus* was issued by Margaret McCampbell, Juvenile Judge, to the Sheriff of Washington County, and the said Willie Loudy was lodged in jail under said *mittimus*, which is filed as Exhibit ''A'' and made a part of this stipulation, and was taken by the Sheriff and incarcerated in the jail of Washington County for failing and refusing to pay said amounts so adjudged against him, as stated above.''

It is urged in behalf of the relator that the Juvenile Court at Johnson City was without jurisdiction to entertain the original proceedings against the prisoner—that the jurisdiction was in the Juvenile Court of Washington County. We think this is a mistake. Proceedings against a husband for willful failure to provide for his wife or leaving her destitute are directed by section 11371 of the Code to be brought before the judge of any juvenile court. The Johnson City Juvenile Court appears to be clothed with the ordinary jurisdiction of such tribunals, such jurisdiction covering the city limits of the municipality of Johnson City. Chapter 319, Private Acts of 1921.

The stipulation of facts above set out recites that a warrant was issued for the arrest of Loudy by the Juvenile Court and that he was brought before the Judge of that Court and there tried and adjudged guilty. It is clear from this stipulation that Loudy did not interpose a plea of guilty.

Such being the situation in the Juvenile Court, it was the duty of the Judge of that Court to bind the defendant over for the action of the grand jury under bond in a sum not exceeding $1,000, to secure his appearance at the trial. Code, Section 11373. Further

jurisdiction of the matter was in the circuit or the criminal court.  Code, Section 11374.

It was beyond the competency of the Judge of the Juvenile Court at Johnson City to make the order herein complained of on Loudy's plea of not guilty and Loudy's detention in custody under such an order is illegal.  See *Moye* v. *State*, 139 Tenn., 680, 202 S. W., 919.

The judgment of the court below is reversed and an order will be entered here for the discharge of the prisoner.