[Civ. No. 515.   Second Appellate District.—September 25, 1908.]

NATIONAL CYCLE MANUFACTURING COMPANY, a Corporation, Appellant, v. SAN DIEGO CYCLE COMPANY, TODD & HAWLEY, a Corporation, and PERCY EASTON, Respondents.

STATUTE OF LIMITATIONS—CONSTRUCTION OF CODE AS TO EFFECT OF WRITTEN ACKNOWLEDGMENT OR PROMISE—"NEW OR CONTINUING CONTRACT."—Section 360 of the Code of Civil Procedure, providing that "no acknowledgment or promise is sufficient evidence of a new or continuing contract to take the case out of the operation of this title, unless the same is contained in some writing, signed by the party to be charged," is to be construed as making the acknowledgment evidence of a ''new contract'' when it is made after the full bar of the statute has attached, and evidence only of a ''continuing contract'' while the contract is a subsisting liability.

Id.—Effect in "Continuing Contract"—Old Promise not Merged—Waiver.—When a debtor makes a written acknowledgment or promise before the action is barred upon the original contract, he does not make himself liable a second time to pay the same debt, and the old promise is not merged in the new; but he merely continues his original liability for a longer term by simply waiving so much of the period of limitations as has run in his favor.

Id.—Effect of Written Acknowledgments upon Two Years Statute—Goods Sold and Delivered.—Where the two years statute applicable to a contract for goods sold and delivered is extended by written acknowledgments made before the cause of action is barred, the cause of action becomes fully barred by the expiration of two years from the date of the last acknowledgment.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Cassius Carter, and Fred O'Farrell, for Appellant.

Wright, Schoonover & Winnek, for Corporation, Respondents.

ALLEN, P. J.—Appeal by plaintiff from a judgment in favor of defendants other than Easton, and from an order denying a new trial.

This appeal presents various interesting questions, all of which are ably presented and insisted upon by counsel for appellant. An examination of the record, however, discloses that, were the correctness of appellant's position conceded as to all of the questions involved other than that of the statute of limitations, nevertheless the finding of the court in relation to such bar of the statute is sufficient to defeat plaintiff's recovery, if the finding in relation thereto has support from the evidence. With this in view, no good result would follow a detailed investigation into and determination of the other questions presented.

The action is based upon an account for goods sold and delivered during the year 1894. Assuming, as before stated, that appellant is warranted in its contention that a partnership existed between the defendants and the liability for the

price and value of the goods sold attached jointly to all the defendants, nevertheless the two year bar of section 339 of the Code of Civil Procedure, in the absence of any acknowledgment in writing of the indebtedness, attached in the year 1896. There is, however, in the record certain letters signed by the San Diego Cycle Company, claimed by plaintiff to be the copartnership, which may fairly be construed as acknowledgments upon the part of the San Diego Cycle Company of its liability. All of these written acknowledgments, however, are of date preceding January 1, 1896. This action was commenced in April, 1899.

The court finds all of the accounts barred by the provisions of section 339, and the question presented is as to the effect of such acknowledgment in writing so made by the debtor as affecting his continuing liability on account of the indebtedness. It is established that from such an acknowledgment an implied promise to pay arises. Section 360, Code of Civil Procedure, provides: "No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this title, unless the same is contained in some writing, signed by the party to be charged thereby." In *McCormick* v. *Brown,* 36 Cal. 180, [95 Am. Dec. 170], our supreme court, in construing this section, says: "The acknowledgment or promise made while the contract is a subsisting liability establishes a continuing contract; and when made after the bar of the statute, a new contract." While in *Southern Pacific Co.* v. *Prosser,* 122 Cal. 417, [52 Pac. 836, 55 Pac. 145], Mr. Chief Justice Beatty, in speaking for the court, says: "When a debtor makes a new promise before an action is barred upon the original contract, he does not make himself liable a second time for the same debt, and the old promise is not merged in the new; he merely continues his original liability for a longer term. In other words, he merely waives so much of the period of limitations as has run in his favor." In our opinion, these cases determine that the effect of the acknowledgments upon the part of the San Diego Cycle Company was but to continue their liability from the date of the last acknowledgment until the expiration of two years therefrom; and it affirmatively appearing that such period expired before the commencement of

9 Cal. App.—8

the action, all of the causes of action set out in the complaint were barred, and the trial court did not err in so finding. Judgment and order affirmed.

Shaw, J., and Taggart, J., concurred.