### JAMES A. LUSTER vs. JOSEPH LUSTER.

Essex.    October 5, 1937. — February 28, 1938.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Parent and Child.    Actionable Tort.    Public Policy.    Negligence,* Of
    parent toward his minor child.    *Minor.*

An unemancipated minor child has no right of action against his parent
    for personal injuries resulting from the parent's negligence, or for
    medical expenses caused by the injuries if not actually incurred by
    the child's guardian or paid out of his own estate.

TORT for personal injuries and medical expenses alleged
to have been caused by the defendant's negligence.    Writ
in the Superior Court dated October 10, 1932.

An auditor reported that he excluded evidence of
"amounts owed" for "care and medical treatment" of the
plaintiff because he ruled that as a matter of law the defend-
ant, being the plaintiff's father, was himself responsible for
such expenses.    At a hearing by *Williams,* J., without jury,
the following rulings were refused: "1.  The guardian of an
unemancipated minor is entitled to recover damages for
personal injuries caused the minor by the negligent conduct
of the minor child's father, if the minor child or its custodian
was in the exercise of due care.    2.  The guardian of an un-
emancipated minor on the facts in this case is entitled to
recover as part of the damages of his ward, the expenses
incurred for the medical care and treatment of the ward,
which expenses were incurred because of injuries caused by
the negligent conduct of his ward's father, if his ward or his
custodian was in the exercise of due care."

A motion by the defendant for judgment upon the
auditor's report was allowed.    The plaintiff alleged excep-
tions.

The case was submitted on briefs.

*W. G. Clark & C. R. Clark,* for the plaintiff.

*T. H. Calhoun & E. J. Sullivan,* for the defendant.

Qua, J.  The trial judge heard the case upon an auditor's report without other evidence.  Pertinent findings of fact by the auditor are these: The plaintiff is the infant son of the defendant and lived with his parents in Gloucester. The defendant conducted a store in a small building on premises owned by him adjacent to the home.  He also conducted a wholesale fruit and vegetable business.  For transporting produce he used a truck which he kept in a garage about thirty feet in the rear of the store.  On July 6, 1932, the plaintiff, who was then two and one half years of age, had been placed in the charge and care of his sister ten years of age.  She left him for a few minutes in the yard surrounding the store while she went inside to get some candy. During her absence the defendant came with his loaded truck.  The defendant, after having seen the plaintiff playing near the rear door of the store, negligently backed his truck upon and over the plaintiff, causing to the plaintiff severe injuries. . The judge granted the defendant's motion for judgment in his favor.

The underlying question in the case is whether an unemancipated minor child can maintain an action against his parent for bodily injury caused by negligence.  Probably it should be conceded at the outset that pure logic interposes no obstacle to such an action.  But from the practical viewpoint of sound public policy serious objections present themselves immediately and forcibly.  Such actions, at least when not collusive, would almost inevitably tend to the destruction of the peace and unity of family life and to the impairment of parental authority and discipline.  In the continued intimate contact between parent and child through the long years of the child's minority many occasions must arise out of which claims, real or specious, could be made that the parent had been negligent in some matter of commission or omission to the injury of the child.  During the minority of the child such claims, even if valid, commonly could be investigated and prosecuted only through the intervention of outsiders whose intrusions, not always disinterested, into the intimacies of family life would seek excuse and justification on the ground that perhaps a

cause of action might be unearthed for the benefit of the child. The action now before us was brought through a second cousin of the plaintiff who was appointed his guardian a few weeks after the accident. An equally repellant alternative would be the saving up of such claims to be prosecuted by the child himself after reaching his majority, when the claims may have become stale and the witnesses no longer available. We are unable to accept the theory that the family as the ultimate social unit is so far moribund that these considerations have ceased to have vitality.

Among the multitude of personal injury cases which fill our own reports no case of this kind has been found, nor have we discovered that such cases have ever been entertained in England. But beginning in 1891 and continuing to the present an overwhelming weight of authority has been built up in this country against the maintenance of such actions on grounds of public policy.[*] It is also generally held that similar actions will not lie by a parent against his minor child. *Schneider* v. *Schneider*, 160 Md. 18. *Cafaro* v. *Cafaro*, 118 N. J. L. 123. *Crosby* v. *Crosby*, 230 App. Div. (N. Y.) 651. *Turner* v. *Carter*, 169 Tenn. 553. Although the relation of husband and wife at common law does not furnish a perfect analogy to that of parent and minor child, yet it seems significant that notwithstanding the statutes which have been passed to enable the two spouses to stand before the law as separate individuals with substantially equal rights, our Legislature still refuses to authorize actions at law between them. G. L. (Ter. Ed.) c. 209, § 6. *Lubowitz* v. *Taines*, 293 Mass. 39. The reason for this would seem to lie in views of public policy which

---

[*] *Hewlett* v. *George*, 68 Miss. 703. *Trudell* v. *Leatherby*, 212 Cal. 678. *Mesite* v. *Kirchenstein*, 109 Conn. 77. *Chastain* v. *Chastain*, 50 Ga. App. 241. *Meece* v. *Holland Furnace Co.* 269 Ill. App. 164, 169. *Smith* v. *Smith*, 81 Ind. App. 566. *Elias* v. *Collins*, 237 Mich. 175. *Belleson* v. *Skilbeck*, 185 Minn. 537, 539. *Reingold* v. *Reingold*, 115 N. J. L. 532. *Sorrentino* v. *Sorrentino*, 248 N. Y. 626. *Small* v. *Morrison*, 185 N. C. 577. *Canen* v. *Kraft*, 41 Ohio App. 120. *Duffy* v. *Duffy*, 117 Pa. Super. Ct. 500. *Matarese* v. *Matarese*, 47 R. I. 131. *Kelly* v. *Kelly*, 158 S. C. 517. *McKelvey* v. *McKelvey*, 111 Tenn. 388. *Norfolk Southern Railroad* v. *Gretakis*, 162 Va. 597, 600. *Roller* v. *Roller*, 37 Wash. 242. *Securo* v. *Securo*, 110 W. Va. 1. *Wick* v. *Wick*, 192 Wis. 260. *Clasen* v. *Pruhs*, 69 Neb. 278, 287, *Treschman* v. *Treschman*, 28 Ind. App. 206, and *Dix* v. *Martin*, 171 Mo. App. 266, have sometimes been thought to be *contra*, but may be distinguishable.

are equally applicable as between parent and minor child. See *Thompson* v. *Thompson*, 218 U. S. 611, 617.

We are aware that the majority rule has been criticized by some commentators; that text writers are not all in agreement upon it; that it has been doubted and distinguished by a majority of the court in the recent thoroughly considered case of *Dunlap* v. *Dunlap*, 84 N. H. 352; and that in several of the leading cases there are vigorous dissents. Nevertheless we believe that, as applied to a case like this, the principle of the American decisions is sound.

We cannot follow the plaintiff's contention that this case is taken out of the general rule because, as it is said, the circumstances of the accident were not connected with the father's duty to rear his child or with the conduct of his domestic establishment and were such that any other child in the plaintiff's position would have been injured. We do not perceive how it would be possible in practice to draw such a line of distinction as that here suggested. The objections based upon public policy reach to and include this case.

It is difficult to see how the fact, if it be a fact, that the defendant carried liability insurance covering this accident can impose a liability where none would otherwise exist. Aside from a certain incongruity in attempting to bend general rules of liability so that their application to particular instances shall depend upon the existence or absence of insurance against such liability, it would seem that insurance does not remove the fundamental objections to such an action as this. The proceeding is still in theory an adversary one, and for various reasons it may be such in fact. If it is not, then it becomes peculiarly liable to abuse through collusion. Other courts have said that the fact that the defendant parent is insured does not change the rule. *Schneider* v. *Schneider*, 160 Md. 18, 24. *Elias* v. *Collins*, 237 Mich. 175. *Lund* v. *Olson*, 183 Minn. 515. *Turner* v. *Carter*, 169 Tenn. 553. *Norfolk Southern Railroad* v. *Gretakis*, 162 Va. 597, 600. See *Enman* v. *Trustees of Boston University*, 270 Mass. 299, 301; *Mathewson* v. *Colpitts*, 284 Mass. 581, 585; *Gallo* v. *Foley*, 296 Mass. 306,

308. The opposite result was reached in *Dunlap* v. *Dunlap*, 84 N. H. 352, and in *Lusk* v. *Lusk*, 113 W. Va. 17. But although this question has been argued, the record does not show that there was insurance in fact, and of course does not show that if there was, the amount was sufficient to cover possible liability, and this question does not appear to have been open before the trial judge. We need not now pass with finality upon it.

This decision is confined to the case presented — an action by an unemancipated minor living in the family with his parent against the parent for personal injuries caused by negligence. We do not enter the field of litigation over property rights. It may well be that such litigation is of infrequent occurrence and is exposed in less degree to the objections which have influenced courts against actions for personal injury. Such distinction as may exist is not due to any tenderness toward so called property rights as contrasted with so called personal rights, but is due wholly to other reasons. Again, the decided cases, in general, make no distinction between negligent personal injury and intentional or malicious personal injury. It has been held that a father is not liable civilly to his minor daughter for rape. *Roller* v. *Roller*, 37 Wash. 242. We are not now called upon to determine whether or not the grounds of the present decision extend to instances of intentional or malicious injury, especially if the acts committed are in themselves such as destroy the family relationship which it is the policy of the law to preserve. We do not decide as to the right of action of an emancipated child for events occurring after emancipation, or whether employment by the parent himself for pay constitutes emancipation for this purpose. See *Sherry* v. *Littlefield*, 232 Mass. 220, 224; *Dunlap* v. *Dunlap*, 84 N. H. 352.

The defendant is not liable to the plaintiff for medical expenses, at least in the absence of any proof that such expenses were actually incurred by the plaintiff's guardian or paid out of the plaintiff's own estate. Presumably the defendant himself has assumed that burden. *Hoyt* v. *Casey*, 114 Mass. 397. *Horgan* v. *Pacific Mills*, 158 Mass. 402.

*Thibeault* v. *Poole,* 283 Mass. 480, 484.   Whether a minor child could maintain an action against his father for such expenses, occasioned by the latter's negligence, if the child's own estate had been impaired is involved in the previous discussion as to the child's right to sue with respect to property interests and is not decided.

*Exceptions overruled.*