Hillsborough,
No. 4309.

DONALD LEVESQUE, *by his mother and next friend & a.*

*v.*

LAURENT LEVESQUE.

Argued April 7, 1954.

Decided July 1, 1954.

*Leonard G. Velishka* and *Robert H. Temple* (*Mr. Temple* orally), for the plaintiffs.

*Paul E. Nourie* and *Bartram C. Branch* (*Mr. Nourie* orally), for the defendant.

LAMPRON, J. The main issue to be decided is whether an unemancipated minor child can maintain an action against his parent for bodily injury caused by negligence.

The weight of authority in this country is that such an action cannot be maintained. See note, 19 A. L. R. (2d) 423, 439. The origin of this doctrine is ascribed to the case of *Hewlett* v. *Ragsdale*, 68 Miss. 703, which gives as its basis (*p.* 711) the following: "So long as the parent is under obligation to care for, guide and control, and the child is under reciprocal obligation to aid and comfort and obey, no such action as this can be maintained. The peace of society . . . and a sound public policy, designed to subserve the repose of families and the best interests of society, forbid to the minor child a right to appear in court in the assertion of a claim to civil redress for personal injuries suffered at the hands of the parent." That basis for denying such actions has been used by courts generally since that date. *Rines* v. *Rines*, 97 N. H 55, 57; *Luster* v. *Luster*, 299 Mass. 480, 481; *Cannon* v. *Cannon*, 287 N. Y. 425; 64 Harv. L. Rev. 1208.

There have been some departures under certain circumstances from the broad doctrine that an unemancipated minor cannot maintain a tort action against his parent. A majority of courts permit an unemancipated minor to sue his parents for damages resulting from malicious or willful acts. *Cowgill* v. *Boock*, 189 Ore. 282; *Mahnke* v. *Moore*, 197 Md. 61; *Wright* v. *Wright*, 85 Ga. App. 721; See note, 19 A. L. R. (2d) *supra*, 451. Suits have also been permitted for injuries incurred as a result of the negligence of a parent in his business or vocational capacity (*Signs* v. *Signs*, 156 Ohio 566), especially if there is insurance against the specific risk. *Lusk* v. *Lusk*, 113 W. Va. 17; *Worrell* v. *Worrell*, 174 Va. 4. See *Dunlap* v. *Dunlap*, 84 N. H. 352.

Argument for permitting such actions in cases such as the present, has been based on the generally recognized fact that most operators of motor vehicles today carry liability insurance. It is argued that this protection afforded the parent removes in great part the foundation of the doctrine, viz; that the family unity would be disrupted if the child were permitted to recover damages against his own father.

We do not believe that the existence of liability insurance

should create a right of action where none would otherwise exist. *Rines* v. *Rines, supra*; *Villaret* v. *Villaret*, 169 F. (2d) 677; *Luster* v. *Luster, supra*; *Cf. Cushman* v. *Grafton*, 97 N. H. 32, 34. Nor are we convinced that the sole determinant of the public policy against such suits is the payment of money by the parent to the child. If however the almost general existence of liability insurance has so materially changed the circumstances which militated against such suits that a change in the public policy now prevailing in this state should be made we think that is a matter for the Legislature to determine rather than being within the province of this court. *Cushman* v. *Grafton, supra*; *Glover* v. *Baker*, 76 N. H. 393; *Heath* v. *Heath*, 85 N. H. 419; *Harkinson* v. *Manchester*, 90 N. H. 554, 555; *Elias* v. *Collins*, 237 Mich. 175, 179.

The right of action of the mother would be for consequential damages only so that if the minor son has no right of action neither has the mother. *Courage* v. *Carleton*, 96 N. H. 348, 350.

> *Judgment for the defendant in both actions.*

DUNCAN, J., dissented: the others concurred.

DUNCAN, J., *dissenting*: I can see no reason to recede at this time from principles laid down almost twenty-five years ago in *Dunlap* v. *Dunlap*, 84 N. H. 352. While there was evidence in that case from which it could be found that the minor child had been emancipated, it also appeared that the father was insured. Either circumstance, standing alone was held sufficient to "remove the only substantial objection to the maintenance of the action." *Id.*, 373. The argument that "taking out insurance . . . cannot create liability where none existed before" (*Id.*, 367) was fully answered, and questions of public policy were considered at length. The Legislature has not seen fit in the intervening years to announce any policy differing from the conclusions then reached by the court. Since the father who is defendant in this case was admittedly insured, the suit on behalf of his minor son falls squarely within the principles of the *Dunlap* case. Whether the rights of the mother have been invaded (see *Woodman* v. *Peck*, 90 N. H. 292, 294) so that her suit for expenses may be maintained, or whether the right is actually the father's (see *McConnell* v. *Lamontagne*,

150

82 N. H. 423) so that it should not be maintained (*Bullard* v. *McCarthy,* 89 N. H. 158, 164), involves questions of fact determinable on trial and not raised by the motions to dismiss. The plaintiff's exceptions should be sustained.