## CIRCUIT COURT OF FAIRFAX COUNTY

George Papula
and Arleen Papula

v.

John E. Otto
and Nancy Otto

March 7, 1997

Case No. (Law) 152323

BY JUDGE JANE MARUM ROUSH

This matter came on to be heard on February 7, 1997, on the defendants' plea of the statute of limitations to the amended motion for judgment. For the reasons stated below, the plea of the statute of limitations will be sustained.

*Facts*

The facts of this case, as alleged in the amended motion for judgment, may be briefly summarized. Beginning on December 1, 1988, and continuing until June 1, 1991, plaintiffs George and Arleen Papula periodically lent money in differing amounts to defendants John E. and Nancy Otto.[1] The aggregate principal amount loaned was over $45,000.00. On May 1, 1989, the defendants filed a petition for relief under the United States Bankruptcy Code, and they were subsequently discharged from their legal obligation to repay the plaintiffs the amounts borrowed prior to bankruptcy. Even after the bankruptcy, however, the Papulas continued to lend money to the Ottos. There were no promissory notes or other writings evidencing the indebtedness. Instead, the Ottos orally promised to repay the Papulas. The amended motion

---

[1] Although not stated in the Amended Motion for Judgment, the record makes clear that Mrs. Papula is Mr. Otto's sister. See Plaintiffs' Memorandum of Points and Authorities in opposition to the plea in bar.

for judgment does not allege what, if any, were the agreed-upon terms of repayment.

On or about June 30, 1990, defendant John Otto wrote plaintiff George Papula and assured him that he would be paid all amounts due, even those discharged by the bankruptcy court. See Exhibit A to the Amended Motion for Judgment.

On October 13, 1992, defendant John Otto wrote plaintiff George Papula and again assured him of full payment: "Contrary to popular family opinion … you will be paid what you are due, and, CASI will be a success!!" See Exhibit B to the Amended Motion for Judgment (ellipses in the original). Accompanying that proclamation was the last payment the Papulas were to receive from the Ottos.

On May 16, 1996, this suit was commenced. This Court ruled on December 6, 1996, that the plaintiffs may not collect from the defendants any amounts loaned prior to the filing of the Ottos' bankruptcy petition on May 1, 1989, as the Ottos' obligation to repay any such amounts was discharged in bankruptcy. The Court held that the borrowers' post-petition promises to pay amounts loaned pre-petition are not enforceable in that the promises did not constitute valid reaffirmation agreements under § 524 of the Bankruptcy Code. 11 U.S.C. § 524(c). Remaining at issue is some $19,000.00 loaned by the Papulas to the Ottos after May 1, 1989.

### Plea of the Statute of Limitations

The Ottos assert that the plaintiffs are barred by the three-year statute of limitations applicable to oral agreements from collecting any amounts lent after May 1, 1989. The last loan was made on June 1, 1991, well over three years, but less than five years before suit was brought. As such, argue the defendants, plaintiffs' claims are time-barred. Virginia Code § 8.01-246(4).

Plaintiffs respond that the two letters Mr. Otto wrote Mr. Papula (one on or about June 30, 1990, and the second dated October 16, 1992) promising to pay all amounts due constitute "new promises in writing" within the meaning of Code § 8.01-229(G). That statute provides:

> 1. If any person against whom a right of action has accrued on any contract … promises, by writing signed by him or his agent, payment of money on such contract, that person to whom the right has accrued may maintain an action for the money so promised, within such number of years after such promise as it might be maintained if such promise were the original cause of action. An acknowledgment in

writing, from which a promise of payment may be implied, shall be deemed to be such a promise within the meaning of this subsection.

2. The plaintiff may sue on the new promise described in subsection 1 of this subsection, or on the original cause of action, except that when the new promise is of such a nature as to merge the original cause of action, then the action shall be only on the new promise.

Code § 8.01-229(G).

Plaintiffs and defendants both agree that a "new promise in writing" that satisfies the requirements of § 8.01-229(G) restarts the running of the statute of limitations. The parties disagree as to whether the revived statute of limitations is the three-year statute for the original oral promise to repay or a five-year statute on the new promise to pay in writing.

Plaintiffs contend that both the June 30, 1990, letter and the October 16, 1992, letter are "new promise in writing" to pay within the meaning of Code § 8.01-229(G). The Court concludes that assuming the June 30, 1990, letter[2] is such a "new promise[es]," it makes no difference whether it restarted the running of a five-year statute of limitations or a three-year statute of limitations. In either event, the filing of this suit nearly six years after the letter was written was untimely.

The issue then becomes whether the October 16, 1992, letter in which Mr. Otto asserted "[c]ontrary to popular family opinion … you will be paid what you are due . . .!!" constitutes a "new promise in writing" under Code § 8.01-229(G), and, if it does, did it revive a three-year statute of limitations or a five-year statute of limitations?

The Court concludes that the October 16, 1992, letter does constitute a new promise in writing within the meaning of Code § 8.01-229(G). See, e.g., *Robinson v. Bass*, 100 Va. 190, 40 S.E. 660 (1902); *Gwinn v. Farrier*, 159 Va. 183, 165 S.E. 647 (1932).

Defendants argue that, at best, the October 16, 1992, letter revived the three-year statute of limitations on the original oral agreement to repay the loans. Therefore, the suit was untimely when it was filed over three and one-half years later. The plaintiffs contend that a new promise in writing starts a five-year statute of limitations running and that this suit was accordingly timely filed.

---

[2] The June 30, 1990, letter is in fact undated. See Exhibit A to the Amended Motion for Judgment. From its content, however, it appears to have been written shortly before or on June 30, 1990.

The Court agrees with the defendants. *Ingram v. Harris*, 174 Va. 1, 5 S.E.2d 624 (1939), is dispositive of this case. In that case, the Virginia Supreme Court held that:

> A new promise, made before a debt is barred by the statute of limitations, is held not to create a new and substantive contract, but to be merely evidence of an existing liability and to fix a new date from which the statute runs ... .
>
> [A]n acknowledgment or new promise fixes a point of time from which limitations begin to run anew. If such acknowledgment or promise is made before the bar of the statute has become complete, it starts the statute anew from the date of the promise or acknowledgment and against the original claim ... .
>
> [U]nless the new promise amounts to a novation of the debt, the limitation on the new promise will be the same as on the old in the absence of language in the statute showing a different intent.

174 Va. at 4-5, 5 S.E.2d at 625 (citations omitted). In other words, the language of § 8.01-229(G) that suit may be brought within "such number of years after such promise as it might be maintained if such promise were the original cause of action" means "*if the date of* such promise were the *date of the accrual of the* original cause of action.*" Id., 174 Va. at 8, 5 S.E.2d at 627 (emphasis in original).

Applying the holding of *Ingram v. Harris* to the facts of this case, it is clear that this suit is time-barred. The October 16, 1992, "new promise to pay" was made prior to the expiration of the three-year statute of limitations for each of the loans made after the defendants' bankruptcy petition was filed.[3] The new promise was not a novation of the earlier debts.[4] Therefore, October 16, 1992, is deemed to be the date on which the original statute of limitations accrued. The three-year statute of limitations applicable to oral agreements started to run anew as of October 16, 1992. This suit, filed May 16, 1996, was not brought within three years of the new promise in writing. Therefore, the suit is untimely, and the plea of the statute of limitations will be sustained.

---

[3] The earliest of the post-bankruptcy loans was made on December 1, 1989, and the last loan was made on June 1, 1991. Amended Motion for Judgment, ¶ 5.

[4] A "novation" of a debt is, in this context, an agreement between the parties to the debt to extinguish the old debt and substitute a new obligation in its place. See *Black's Law Dictionary*, p. 1064 (6th ed. 1990). The October 16, 1992, letter was not an extinguishment of the old debt and the substitution of a new obligation therefor. Instead, it was an acknowledgment that the old debt would be paid.