STATE OF NORTH CAROLINA Ex Rel. UNEMPLOYMENT COMPENSATION COMMISSION OF NORTH CAROLINA v. LOUISE MARTIN, ET AL.

(Filed 10 December, 1947.)

**1. Master and Servant § 60—**

Employee-claimants who are not directly interested in the labor dispute which brings about the stoppage of work, and who do not participate in, help finance or benefit from the dispute, are nevertheless disqualified from unemployment compensation benefits if they belong to a grade or class of workers employed at the premises immediately before the commencement of the stoppage, some of whom, immediately before the stoppage occurs, participate in, finance or are directly interested in such labor dispute. G. S., 96-14 (d) (2).

**2. Master and Servant § 62—**

The finding of the Unemployment Compensation Commission that employee-claimants belong to the same grade or class of workers as other

employees, some of whom, immediately before the stoppage occurred, participated in and were directly interested in the labor dispute causing the stoppage, *is held* supported by ample evidence and is therefore conclusive, there being no allegation or evidence of fraud.  G. S., 96-15.

APPEAL by employee-claimants from *Olive, Special Judge,* at February Civil Term, 1947, of GUILFORD (High Point Division).

Proceeding under Unemployment Compensation Law to determine validity of claims and disqualifications for unemployment benefits.

The operative facts are these:

1. The Slane Hosiery Mills is engaged in the manufacture of men's seamless hosiery in the City of High Point, and normally employs between 200 and 225 workers in what is known as the "knitting department" and between 100 and 200 workers in what is known as the "finishing department."

2. That the employees in the finishing department, who successively handle the same product in a continuous integrated process, are known as "dyers," "boarders," "pairers," "transfer girls," "rider girls," "folders" and "packers."  The Secretary of the Corporation, testifying for the employee-claimants, said: "The manufacture of hose from the time they are put in the dye house until they come out in the cartons and cases to be shipped is a continuous operation and each worker is dependent upon the operation of another worker.  It is a chain or integrated operation."

3. That all employee-claimants herein are workers in the finishing department, and are included in the general designation or classification of "finishers."  They were unemployed from 3 September, through 6 November, 1946, by reason of a labor dispute existing between the boarders and the management which caused a stoppage of work throughout the finishing department during the existence of the dispute.

4. The employee-claimants, other than the boarders, were not directly interested in the labor dispute which brought about the stoppage of work, nor did they participate in, help finance, or benefit from the dispute.

The Unemployment Compensation Commission found:

1. That all the employee-claimants involved herein were unemployed in consequence of the stoppage of work caused by the controversy between the boarders and the management over wages to be paid the boarders for certain work.

2. That the boarders, who are the only organized group in the mill, participated in and were directly interested in the labor dispute, which disqualifies them for benefits under the statute.  G. S., 96-14 (d) (1).

3. That the employee-claimants belong to a grade or class of workers— "finishers"—some of whom (the boarders) participated in and were directly interested in the dispute, which likewise disqualifies them for benefits under the statute.  G. S. 96-14 (d) (2).

From the foregoing determinations, the employee-claimants gave notice of appeal to the Superior Court, where the findings and conclusions of the Commission were upheld and affirmed.

From this ruling, the employer, the boarders and the employee-claimants, other than the boarders, noted an appeal, but the boarders and the employer failed to prosecute their respective appeals; and on motion, these have been dismissed. The employee-claimants, other than the boarders, alone have preserved their right of appeal.

*W. D. Holoman, R. B. Overton, and R. B. Billings for Unemployment Compensation Commission, appellee.*

*Haworth & Mattocks for employee-claimants, appellants.*

*G. S. Steele, Jr., for Colin O'Brien, et al., amici curiae.*

STACY, C. J. The question for decision is whether the employee-claimants (other than the boarders) who were not directly interested in the labor dispute which brought about the stoppage of work, and did not participate in or help finance or benefit from the dispute, are disqualified for benefits because they belonged to a grade or class of workers of which, immediately before the commencement of the stoppage, there were members employed at the premises at which the stoppage occurred, some of whom (the boarders) were participating in or financing or directly interested in the dispute. The Superior Court answered in the affirmative, and we approve on authority of what was said in the case of *In re Steelman,* 219 N. C., 306, 13 S. E. (2d), 544.

It is sought to distinguish the present case from the *Steelman Case* on the ground that the appellants here do not belong to the same grade or class of workers as the boarders. This was a question of fact which the Commission has determined against the appellants.

It is provided by G. S., 96-15, that in any judicial proceeding under this section, "the findings of the Commission as to the facts, if there is evidence to support it, and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law."

There is ample evidence to support the findings of the Commission. Hence, in the absence of fraud, and none is alleged here, they are conclusive on appeal to the Superior Court and in this Court.

It results, therefore, that the judgment of the Superior Court must be upheld.

Affirmed.