STATE, Ex Rel. UNEMPLOYMENT COMPENSATION COM., v. EDMUND LUNCEFORD ET AL.

(Filed 1 December, 1948.)

**Master and Servant § 60—Employees belonging to groups, members of which participated in strike, are not entitled to unemployment benefits.**

The labor dispute which brought about a stoppage of work involved the maintenance of membership clause in the contract of employment and also a general increase in wages. Employee-claimants belonged to a grade or class of workers some of whom participated in and were directly interested in the controversy. *Held:* Employee-claimants are not entitled to unemployment compensation benefits, G.S. 96-14 (d) (2), nor may they successfully contend that, as they were not members of the union and did not participate in, or help finance the labor dispute, they should not be deprived of unemployment compensation benefits, since the labor dispute also involved a general increase in wages from which they stood to benefit.

APPEAL by employee-claimants from *Pless, J.,* March Term, 1947, of RICHMOND.

Proceeding before Unemployment Compensation Commission (now Employment Security Commission) to determine validity of claims and disqualifications for unemployment benefits.

The operative facts are these:

1. The Entwistle Manufacturing Company is engaged in the manufacture of cotton piece goods in its plant at Rockingham and normally employs (among other workers) "watchmen," "speeders," "spoolers" and "creelers."

2. The employee-claimants here, Colin O'Brien ("watchman"), John D. Lisk ("speeder"), Edna J. Tyson ("spooler") and J. H. Tyson ("creeler") were unemployed from 17 September to 29 October, 1945 (and perhaps longer) by reason of a labor dispute between the management and Local No. 603, Textile Workers Union of America, CIO, duly certified bargaining agent of the employees, over the terms of the contract of employment—principally the maintenance of membership clause —but also a general increase in wages.

3. The employee-claimants here were not directly interested in the labor dispute (which brought about a stoppage of work at the mill) as they were not members of the Union, nor did they participate in, help finance, or benefit from the dispute. Each did, however, belong to a grade or class of workers, some of whom participated in and were directly interested in the controversy.

The Unemployment Compensation Commission found that the employee-claimants were disqualified to receive benefits under the applicable provisions of the Unemployment Compensation Law, and denied their claims, which findings and conclusions were upheld on appeal to the Superior Court.

From this latter ruling, the employee-claimants appeal, assigning error.

*W. D. Holoman, R. B. Overton, R. B. Billings, and D. G. Ball for Unemployment Compensation Commission, appellee.*

*George S. Steele, Jr., for employee-claimants, appellants.*

STACY, C. J.    The case is controlled by the decision in *Unemployment Compensation Commission v. Martin,* 228 N. C. 277, 45 S. E. (2) 385.

Indeed, the employee-claimants here, realizing that the decision in the *Martin* case might settle their own, after permission duly obtained, filed brief in the case as *amici curiæ* and suggested that the disqualification for benefits provided in G. S. 96-14 (d) (2) should be construed to apply only to those workers in the same grade or class who stood to benefit by

the labor dispute. The present appeal is frankly an effort to have the *Martin case* reconsidered and overruled.

The appellants are hardly in position to insist upon a reversal of the judgment in the instant case, even under their interpretation of the statute, for not only are they *ipsissimis verbis* in the same "grade or class of workers," some of whom were participating in or financing or directly interested in the dispute, but they also stood to benefit from the labor dispute as it involved a general increase of wages as well as the maintenance of union membership.

It is the position of the appellants, however, that the chief bone of contention between the parties was the maintenance of membership clause, which could benefit only the Union—thus limiting the same "grade or class of workers" to members of the Union—so the appellants say, citing out-of-state authorities, but this position and contention seems to overlook the fact that the entire contract, including a general increase of wages, was also involved in the dispute.

Speaking to the subject in *In re Steelman,* 219 N. C. 306, 13 S. E. (2) 544, it was said: "The statute withholds benefits during the stoppage of work which is caused by a labor dispute, from all persons participating in or financing or directly interested in the labor dispute and from all grades or classes of workers of which, immediately before the commencement of the stoppage, there were members employed at the premises at which the stoppage occurs, and any of whom are participating in or financing or directly interested in the dispute. Each claimant is required to show to the satisfaction of the Commission that he is not disqualified for benefits under the terms of this section. It thus appears that the State seeks to be neutral in the labor dispute as far as practicable, and to grant benefits only in conformity to such neutrality."

The correct result seems to have been reached in the court below.

Affirmed.