ANDERSON *et al. v.* ALUMINUM CO. OF AMERICA *et al.*

(*Nashville,* December Term, 1950.)

Opinion filed August 31, 1951.

HUGH E. DeLOZIER, of Maryville, for plaintiffs.

E. H. RAYSON, R. R. KRAMER and KRAMER, DYE, McNABB & GREENWOOD, all of Knoxville, for Aluminum Company and others.

W. L. MOORE and CHARLES K. COSNER, both of Nashville, for E. K. Wiley, Com'r. Employment Security.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This appeal is from the action of the Chancellor in affirming the decision of the Board of Review, denying complainants unemployment compensation under Chapter 29, Public Acts of 1947.

The defendants are the Aluminum Company of America, the employer, and E. K. Wiley, Commissioner of Employment Security. The petitioners are a group of 305 production and maintenance employees of the Company, who, together with several thousand other persons, became unemployed as result of a strike at the Alcoa Works of the Aluminum Company of America. The strike commenced on October 17, 1949, and lasted until December 7, 1949. It is for this period that complainants seek unemployment compensation.

In 1945, at the Alcoa Works, in accord with the Wagner Act, the National Labor Relations Board set up an Industrial Bargaining Unit of production and maintenance employees for the purpose, among others, of electing a Bargaining Agency for the Unit. Since the Company

operated an Open Shop, the Unit was composed of three classes of workers: (1) those belonging to a C. I. O. Union, (2) those belonging to an A. F. of L. Union, and (3) non-union workers. The C. I. O. Union won the election and was duly certified by the National Labor Relations Board as the approved Bargaining Agency for the Industrial Bargaining Unit.

Acting as the Bargaining Agency, the Union proceeded to enter into negotiations with the Company, and secured the contract of employment under which the complainants were employed at the time of the strike.

In the months immediately prior to October 1949, the Bargaining Agency entered into further negotiations with the Company on certain wage questions and terms of employment, which negotiations, if they had been successful, would have affected the terms of employment of the complainants, as well as the other groups in the Industrial Bargaining Unit of 1945. However, the negotiations fell down, and as a result the strike of 1949 was called. The C. I. O. Union had, by formal action, approved the strike, but the complainants insist that they, as non-union workers, disapproved the strike. As a result of the strike, the entire Alcoa Works of the Aluminum Company of America were shut down from October 17, 1949, to December 7, 1949. All the employees at the Alcoa Works, no matter what their status, were therefore unemployed during the period of the strike. The foregoing facts were stipulated and there is no dispute as to them.

It is further agreed that the only question presented by this appeal is a proper construction of Section 5, subd. E of the Tennessee Employment Security Act under the facts stipulated. This section provides that:

"An individual shall be disqualified * * * (where

unemployment is due to a labor dispute \* \* \* provided, that this subsection shall not apply if it is shown to the satisfaction of the Commissioner that—

"(1) He is not participating in the labor dispute which caused his total or partial unemployment; and

"(2) He does not belong to a grade or class of workers of which immediately before the commencement of the labor dispute, there were members employed at the premises at which the labor dispute occurs, any of whom are participating in the dispute".

It is agreed that the complainants, being non-union workers opposed to the strike, would not be disqualified for compensation under "E(1)", but the Board of Review and the Chancellor found complainants disqualified under "E(2)" as members of *"a grade or class of workers* \* \* \* participating in the dispute". (Our emphasis.)

A determination of the meaning of Section 5, subd. E(2) by application of the ordinary rules of American grammer, syntax and punctuation is impossible. The language; "\* \* \* of which immediately before the commencement of the labor dispute, there were members employed at the premises at which the labor dispute occurs," is a meaningless jumble of words which can only be treated as surplusage. The residuum: "He does not belong to a grade or class of workers \* \* \* any of whom are participating in the dispute", is the construction for which the appellants insist, and which we adopt.

We have been greatly aided in deciding this case by the able, clear, and thoughtful briefs filed by both sides.

The decision of the Board of Review was that the appellants "belonged to the same grade or class of workers as the Union workers that worked by their side, and that

they are disqualified from drawing benefits under Section 5, subd. E(2) of the Tennessee Employment Security Act." Since the facts are stipulated there is no question but that this finding had "warrant in the record", and the only question is whether it had "reasonable basis in law." *National Labor Relations Board* v. *Hearst Publications,* 322 U. S. 111, 64 S. Ct. 851, 861, 88 L. Ed. 1170.

To sustain the Board's application of the statutory term "grade or class", it is not necessary for us to find that that construction is the only reasonable one, "or even that it is the result we would have reached had the question arisen in the first instance in judicial proceedings." *Unemployment Compensation Comm.* v. *Aragan,* 329 U. S. 143, 67 S. Ct. 245, 91 L. Ed. 136, 145; *Milne Chair Co.* v. *Hake,* 190 Tenn. 395, 403, 230 S. W. (2d) 393, 396; Section 6, subd. I, Tennessee Employment Security Act, Chapter 29, Public Acts of 1947.

In our view, the grade or class of workers to which the appellants belong, was determined by the National Labor Relations Board in 1945, when the Industrial Bargaining Unit was established, and when these non-union production and maintenance employees accepted their place in that Unit and took part in the election by which the C. I. O. Union was elected as the Bargaining Agent for that Unit. This conclusion finds support in the definition by this Court of the words "grade or class" in the course of the opinion in *Queener* v. *Magnet Mills, Inc.,* 179 Tenn. 416, 424, 167 S. W. (2d) 1, 4, where the late CHIEF JUSTICE GREEN said: "The only one of the opinions that makes any effort to define 'grade or class' is the South Carolina case above cited (*Johnson* v. *Pratt, et al.,* 200 S. C. 315, 20 S. E. (2d) 865). That involved employees of a cotton mill and all of them were held to belong to the same

grade or class, for one reason, as we understand the opinion, that all of them were represented by a single bargaining agency. To this extent the reasoning of the Court accords with our view of the meaning of the words 'grade or class' as indicated heretofore.''

Under its authority as the exclusive Bargaining Agency, the C. I. O. Union had authority to fix the terms of employment of the complainants, and as the exclusive Bargaining Agent, it also had authority to call the strike for the Industrial Bargaining Unit of which the complainants are a part. The Union called the strike, not as a Union, but as the authorized Bargaining Agent of the Industrial Bargaining Unit, of which complainants were a part. Therefore, there was a ''reasonable basis in law'' for the conclusion reached by the Board of Review that since the authorized Bargaining Agent called the strike, all members of the Bargaining Unit were in a ''grade or class'' of workers who were participating in the labor dispute, and out of employment as a result thereof.

We distinguish the Queener case, supra, which is the principal reliance of the appellants, on the ground that in the Queener case there had been established no Industrial Bargaining Unit of which the claimants were a part, and there was in the Queener case, no exclusive Bargaining Agent who called the strike.

We find it unnecessary to lengthen this opinion by citation and consideration of the wealth of authority from other states which support the conclusion that we have reached. Recent decisions in which identical questions were decided, are *Members of Iron Workers' Union* v. *Industrial Comm.*, 104 Utah 242, 139 P. (2d) 208; *Unemployment Compensation Comm.* v. *Lunceford*, 229 N. C.

570, 50 S. E. (2d) 497, and *Brown Shoe Co* v. *Gordon,* 405 Ill. 384, 91 N. E. (2d) 381.

For the reasons stated, the assignments of error are overruled and the judgment is affirmed.

All concur.