Mrs. Dorothy J. Austin

*v.*

L. B. Jennings, Commissioner, etc.

365 S. W. 2d 886.

(*Nashville,* December Term, 1962.)

Opinion filed February 7, 1963.

Rehearing Denied April 3, 1963.

486

Hearn W. Tidwell, Memphis, for petitioner.

W. L. Moore, W. D. Dodson, Frank C. Ingraham, Nashville, Taylor & Taylor, Memphis, for respondents.

MR. JUSTICE FELTS delivered the opinion of the Court.

This was a petition filed by Mrs. Austin in the Chancery Court for certiorari to review the Board of Review's denial of her claim for unemployment compensation. Doubting the petition stated a case, the Chancellor set it down for hearing as to whether he should order the writ to issue. Upon the hearing, he dismissed the petition. Petitioner appealed and has assigned errors.

The facts stated in the petition were that petitioner and other claimants were employees of defendant J. Weingarten, Inc., which operated a number of grocery stores, and were members of a labor union, Local 1529, Retail Clerks International Association, which was their authorized bargaining agent. On October 14, 1961, Weingarten sold all its stores to Dunn & Dunn, Inc., operators of Pic Pac Stores.

Some of the Weingarten employees were employed by Pic Pac, including petitioner; and on October 17, she was assigned to work on a cash register at one of the stores. On the next day, the manager told her her register was $6.00 short. She said its contents had not been checked to her when she took charge, that she did not misappropriate any funds, and that when she refused to acknowledge responsibility for the shortage, she was told to go home. About a week later, she received a separation

notice with a check paying her for the two days she had worked.

In the meantime, Local 1529, the bargaining agent of these employees, called a strike against all the Pic Pac stores, and petitioner and others took part in the strike and the picketing of the stores. It is not clear when the strike began, one part of the petition saying it was October 20, and another part (Ex. "A"), October 14. Petitioner alleged she "abandoned the strike" November 7, 1961, and "has not participated in a labor dispute or strike since that date."

Her application for unemployment compensation was heard and denied by defendant Commissioner November 30, 1961. She appealed to the Board of Review, and the Board, likewise, denied her application by an order entered and mailed April 13, 1962, the Board basing their denial upon their finding, as stated in the petition, as follows:

"We * * * find that claimants [petitioner and other members of Local 1529] belong to a grade or class of workers of which immediately before the commencement of the labor dispute, there were members employed at the premises at which the labor dispute occurred, some of whom are participating in the labor dispute."

Defendant Dunn & Dunn, Inc., demurred to the petition upon the ground that it showed it was filed too late: that the Board's order sought to be reviewed was entered and mailed April 13, 1962, and the petition filed May 4, 1962—after a lapse of the period of 20 days allowed for filing such petition (T.C.A. sec. 50-1325 (H) and (I)). The

other defendants had not pleaded on May 9, 1962, at the time of the hearing and denial of the application for certiorari.

The Chancellor dismissed the petition upon the ground that it showed that the Board found petitioner was disqualified for benefits because her unemployment was due to a labor dispute in active progress, and she failed to show that she did not belong to "a grade or class of workers," some of whom were at the time participating in the labor dispute (T.C.A. sec. 50-1324, subd. D. (1) (2)).

We think the Chancellor's decree was correct. The part of our statute here pertinent (T.C.A. sec. 50-1324, subd. D(1) (2)) provides:

"An individual shall be disqualified for benefits:

\*　\*　\*　\*　\*　\*

"D. For any week with respect to which the commissioner finds that his total or partial unemployment is due to a labor dispute which is in active progress at the factory, establishment, or other premises at which he is or was last employed, provided, that this subsection shall not apply if it is shown to the satisfaction of the commissioner that:

"(1) He is not participating in the labor dispute which caused his total or partial unemployment; and

"(2) He does not belong to a grade or class of workers of which immediately before the commencement of the labor dispute, there were members employed at the premises at which the labor dispute occurs, any of whom are participating in the dispute."

Thus, where the commissioner finds that a claimant's unemployment is due to a labor dispute "in active progress" at the premises where he was last employed, he is disqualified for unemployment benefits unless he shows to the satisfaction of the commissioner that (1) he is not participating in the labor dispute, and (2) "[h]e does not belong to a grade or class of workers * * * any of whom are participating in the dispute."

■ The word "grade" or "class," as here used, means a group more or less organized, acting in concert, as where the striking member acts with the sanction and in behalf of his associates. *Queener v. Magnet Mills, Inc.,* 179 Tenn. 416, 421-423, 167 S.W.2d 1. Such group includes both union and non-union employees in a unit represented by an authorized bargaining agent. *Anderson v. Aluminum Co. of America,* 193 Tenn. 106, 109-111, 241 S.W.2d 932.

■ Where the claimant's unemployment is due to such labor dispute in active progress, the burden is on him to bring himself within the exceptions set out in D (1), and (2)—to prove to the satisfaction of the commissioner that (1) he is not himself participating in the dispute, and (2) does not belong to such a group any of which are participating in the dispute. *Queener v. Magnet Mills, Inc.,* supra, 179 Tenn. 422, 167 S.W.2d 1; *Anderson v. Aluminum Co. of America,* supra.

■ Thus, complainant's petition, taken as true, showed she had abandoned the strike and was not herself participating in the labor dispute, but it contained nothing to negative the finding of the Board, above quoted, that she belonged to a grade or class of workers, "some of whom are participating in the labor dispute"; that is, she failed

to bring herself within the two exceptions, as required in such a case.

■ Petitioner insists that the Chancellor erred in dismissing her petition, without first ordering the issuance of the writ of certiorari requiring the commissioner to file a complete transcript of all documents and papers, with a transcript of all the testimony taken, and the findings of fact and decision thereon by the Board of Review, as required by the statute (T.C.A. sec. 50-1325(I)).

This statute does provide the procedure for a judicial review of the action of the commissioner and the Board of Review upon a claimant's application for compensation for unemployment; and among other things, it provides that the applicant may have such review upon filing a petition for the writ of certiorari, but that *"the petition shall distinctly state the grounds upon which the action of the board of review is deemed erroneous";* that is, the petition must state a ground sufficient in law to justify the issuance of the writ of certiorari, before petitioner is entitled to such writ. Petitioner failed to do that in this case.

All of the assignments of error are overruled and the decree of the Chancellor is affirmed. The costs are adjudged against petitioner.

## On Petition to Rehear

This was a petition filed by Mrs. Austin in the Chancery Court for the writ of certiorari to review the Board of Review's denial of her claim for compensation for unemployment. The petition disclosed that the ground of the Board's denial of her claim was that it found that she was disqualified for benefits because her unemployment

was due to a labor dispute then in active progress at the premises where she was last employed, and that she had failed to show she did not belong to "a grade or class of workers" some of whom were at the time participating in the labor dispute (T.C.A. sec. 50-1324, subd. D (1) (2)).

In view of this infirmity of the petition, the Chancellor set it down for hearing as to its sufficiency and as to whether he should issue the writ. Upon such hearing, he dismissed the petition, before the Board had filed any answer or any transcript of the proceedings before it. We affirmed the Chancellor's decree, holding that the petition was fatally defective in that it failed to state any ground to show the Board's action was erroneous or to justify the issuance of the writ of certiorari to review such action.

Mrs. Austin has filed a petition to rehear our affirmance of the Chancellor's decree, and has attached as an exhibit to her petition a number of documents which are collectively certified to be a transcript of the entire record of the proceedings before the Board of Review; and she now asks us to rehear the whole matter upon the record sent up from the Chancery Court and the additional documents certified to be the transcript of the record before the Board of Review.

■■ Upon full consideration, we find that the petition to rehear is without merit, for two reasons:

(1) Our jurisdiction is appellate only, and we must hear the case upon the same record upon which the Chancellor heard it, and cannot look to extraneous documents not before the Chancellor, filed for the first time in this Court; and

(2) The petition to rehear points out no matter of fact or law overlooked, but only reargues matters which were ably presented by learned counsel and fully considered by this Court, and which counsel insist were improperly decided after full consideration.

Such a petition presents no ground for a rehearing. *City of Paris v. Paris-Henry County Public Utility District*, 207 Tenn. 388, 398, 340 S.W.2d 885, 890; *Logan v. Reaves*, 209 Tenn. 631, 638, 354 S.W.2d 789, and cases there cited.

The petition is denied at petitioner's cost.