McKelvey v. McKelvey.

McKelvey *v.* McKelvey *et ux.*

*(Knoxville.* September ·Term, 1903.)

1. **PARENT AND CHILD.** Minor child has no civil remedy against father for personal injuries.

By the common law the right of a father to control his infant child involved the subordinate right to restrain and inflict moderate chastisement upon such child, and in case of abuse of parental power the redress of the child was to be found in an appeal to the criminal law, or the remedy afforded by the writ of *habeas corpus*, but, upon well-settled principles controlling the relation of father and child, and in furtherance of a sound public policy, the child had no civil remedy for damages on account of personal injuries inflicted by the parent, and this rule of the common law has never been questioned in any of the courts of this country.

Case cited and approved: Hewlett v. George, Ex'r, 68 Miss., 703.

2. **SAME.** Same. No remedy by civil action against father and stepmother for injuries inflicted by the latter.

The fact that the injuries complained of were inflicted by the stepmother can not alter the rule stated in the first headnote, because, if the action were maintainable, and the injuries were inflicted in the presence of the father, he alone would be responsible, nothing appearing to repel the presumption of coercion; if out of his presence, the father and stepmother would be jointly liable for the wrong; but there being no right of action against him alone, none can be maintained against both of them, jointly.

McKelvey v. McKelvey.

FROM MARION.

Appeal from Circuit Court of Marion County.—M. M. ALLISON, Judge.

B. A. HEARD and C. C. MOORE, for plaintiff.

BYRON POPE, JEPTHA BRIGHT and TATOM THATCH, for defendants.

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

This is a suit instituted by a minor child, by next friend, against her father and stepmother, seeking to recover damages for cruel and inhuman treatment alleged to have been inflicted upon her by the latter at the instance and with the consent of the father. Upon demurrer the suit was dismissed, and, the case being properly brought to this court, error is assigned upon this action of the trial judge.

We think there was no error in this dismissal. At common law the right of the father to the control and custody of his infant child grew out of the corresponding duty on his part to maintain, protect, and educate it. These rights could only be forfeited by gross misconduct

on his part. The right to control involved the subordinate right to restrain and inflict moderate chastisement upon the child. In case parental power was abused, the child had no civil remedy against the father for the personal injuries inflicted. Whatever redress was afforded in such case was to be found in an appeal to the criminal law and in the remedy furnished by the writ of *habeas corpus*. So far as we can discover, this rule of the common law has never been questioned in any of the courts of this country, and certainly no such action as the present has been maintained in these courts. It is true that no less celebrated an authority than Judge Cooley, in the second edition of his work on Torts, at page 171, observes that "in principle there seems to be no reason it should not be sustained." No case, however, is cited in support of this text. In fact, the only case which the diligence of counsel has been able to find in which this particular question has been discussed is that of *Hewlett v. George, Ex'r*, reported in 68 Miss., 703, 9 South., 885, 13 L. R. A., 682. It is there said:

"So long as the parent is under obligation to care for, guide, and control, and the child is under reciprocal obligation to aid and comfort and obey, no such action as this can be maintained. The peace of society, and of the families composing society, and of a sound public policy designed to subserve the repose of families and the best interests of society, forbid to the minor child a right to appear in court in the assertion of a claim to civil redress for personal injuries suffered at the hands of the

McKelvey v. McKelvey.

parent. The State, through its criminal laws, will give the minor child protection from parental violence and wrongdoing, and this is all the child can be heard to demand."

The fact that the cruel treatment in this case was inflicted by a stepmother can make no difference, for, whether inflicted in the presence of the father or not, if the action could be maintained at all, he would be responsible for the tort. If inflicted in his presence, he alone would be responsible, nothing appearing to repel the presumption that it was the result of his coercion; if out of his presence, then he and she would be jointly liable for the wrong. So at last it comes back to the question as to the right of a minor child to institute a civil action against the father for wrongs inflicted upon it.

An analogy is furnished in the relation of husband and wife. It has been held that neither husband nor wife can maintain an action against the other for wrongs committed during coverture. This holding rests in part upon their unity by virtue of the marriage relation, which would preclude the one from suing the other at law, and in part upon the respective rights and duties involved in that relation.

In *Abbott* v. *Abbott,* 67 Me., 304, 24 Am. Rep., 27, it was held that a wife could not, even after being divorced from her husband, maintain an action against him for an assault committed upon her during coverture, nor against persons who assisted him in making the assault. As was said by the court, at common law the husband

was the guardian of the wife, and was bound to protect and maintain her, and on that ground "the law gave him a reasonable superiority and control over her person, authorizing him to put gentle restraints upon her liberty if her conduct were such as to require it." 2 Kent's Com., 180.

In view of the evolution of the law in the amelioration of the married woman's condition and the comparative independence that was now secured to her, it was insisted in that case that the action should be maintained. To this, however, the court replied: "We are not convinced that it is desirable to have the law as the plaintiff contends it to be. There is no necessity for it. Practically the married woman has remedy enough. She has the privilege of the writ of *habeas corpus* if lawfully restrained. As a last resort, if need be, she can prosecute at her husband's expense a suit for divorce."

In *Phillips* v. *Barnett*, First Q. B. D., 436, the same rule is announced, although it was insisted there, as in the case from Maine, that, the marriage relation having ceased by divorce, the wife should be let in to her action for damages against the former husband for personal injuries inflicted upon her during coverture; the argument being that the relation simply suspended the right of action, and, this relation having been terminated, the right was then in a condition to be enforced. But it was there said, as in the first case, that the error in this insistence was in supposing that a right of action ever existed; that there was no civil remedy either during or

McKelvey v. McKelvey.

after coverture, because there was no civil right to be redressed.

We think that the circuit judge acted in obedience to a well-settled rule controlling the relation of father and child, and in furtherance of a sound public poicy, in sustaining the demurrer to the declaration in this case, and his judgment is affirmed.