JOHN WILSON *v.* W. I. BARTON.*

(*Nashville.* December Term, 1925.)

1. **HUSBAND AND WIFE.**

Married Woman's Act 1913 (Acts 1913, chapter 26) and Acts 1919,
chapter 126, sections 1-4, do not change common-law doctrine deny-
ing wife right to maintain action against husband for unlawful
assault. (*Post, pp.* 251-253.)

Acts cited and construed: Acts 1913, ch. 26; Acts 1919, ch. 126, secs.
1-4.

Cases cited and distinguished: Lillienkamp v. Riypetoe, 133 Tenn.,
57; State v. Cooper, 120 Tenn., 549.

2. **DEATH. Action cannot be maintained for wife's death from hus-
band's assault (Shannon's Annotated Code, sections 4025-4029a3).**

Wife's administrator may not maintain action for her death by reason
of unlawful assault by her husband resulting in her death, as Shan-
non's Annotated Code, sections 4025-4029a3, create no new right of
action, but merely provide for survivorship of right of action of
deceased, and deceased had no right of action. (*Post pp.* 253, 254.)

Cases cited and approved: Holston v. Coal Co., 95 Tenn., 521; Rail-
way v. Lilly, 90 Tenn., 563; Railroad v. Shewalter, 128 Tenn., 363;
Whaley v. Catlett, 103 Tenn., 352; Loague v. Railroad, 91 Tenn.,
461; Love v. Railway Co., 108 Tenn., 125; Fowlkes v. Railroad,
64 Tenn., 663; Stuber v. Railroad, 113 Tenn., 305; Davidson-Bene-
dict v. Severson, 109 Tenn., 613; McIrvin v. Lincoln Memorial
University, 138 Tenn., 262.

Codes cited and construed: Secs. 4025, 4029 (S.).

---

*Headnotes 1. Husband and Wife, 30 C. J., Section 318; 2. Death, 17
C. J., Sections 39, 50.

FROM CHEATHAM.

Appeal from the Circuit Court of Cheatham County.— Hon. J. C. Hobbs, Judge.

John E. Garner, A. W. Stockell, Jr., and J. H. Frazier, for appellant.

P. H. Duke and Pardue & Marable, for appellee.

Mr. Justice Cook delivered the opinion of the court.

Upon the charge that the defendant unlawfully assaulted and killed his wife, Daisy Page Barton, her administrator sued to recover damages for her death, for the benefit of the next of kin. The trial judge sustained the defendant's demurrer to the declaration, holding that no right of action exists for the tort committed by one spouse against the other during coverture. The plaintiff appealed and insists that the effect of the Married Woman's Act was to change the common-law doctrine which denied that right of recovery in actions by one spouse to recover for tort committed during the marital unity.

In *Lillienkamp* v. *Rippetoe*, 133 Tenn., 57, 179 S. W., 628, L. R. A., 1916B, 881, Ann. Cas., 1917C, 901, the divorced wife sought a recovery against the husband for an unlawful assault committed during coverture, and in that case it was insisted that the Married Woman's Act of 1913 abrogated the common-law rule.

Chapter 26, Acts of 1913, and section 1, chapter 126, Acts of 1919, are identical. The added sections in the latter act are section 2, preserving tenancies by the entirety; section 3, extending the statute of limitations to married women; section 4, assuring a homestead to the wife whose husband owned no land.

In the Lillienkamp case, after stating the common-law doctrine under which no right of action existed in behalf of either the husband or wife against the other for tort during coverture, the court construed the Act of 1913, saying:

"Examination of the cases cited to sustain the existence of the common-law rule first laid down herein will disclose a practically unanimous concurrence of judicial opinion to the effect that an abrogation of the common-law rule will only be held to have been accomplished by a statute when such purpose is clearly expressed therein.

"It has been held in this State:

" 'That a statute will not be construed to alter the common law, further than the act expressly declares or than is necessarily implied from the fact that it covers that whole subject-matter.' *State* v. *Cooper,* 120 Tenn. (12 Cates), 549, 113 S. W., 1048, 15 Ann. Cas., 1116.

"We must assume that the legislature had in mind in the passage of the act the fundamental doctrine of the unity of husband and wife under the common law, and the correlative duties of husband and wife to each other, and to the well-being of the social order growing out of the marriage relation and that, if it had been the purpose of the legislature to alter these further than as indicated in the act, that purpose would have been clearly expressed.

"We are not warranted in ascribing to the legislature by anything appearing in this act a purpose to empower a wife to bring an action against her husband for injuries to her person occurring during the coverture."

Had Mrs. Barton survived the assault, she could not have maintained the action against her husband, because the right of action never existed.

At common law the right of action for personal injuries resulting in death died with the person injured (*Holston* v. *Coal Co.*, 95 Tenn., 521, 32 S. W., 486; *Railway* v. *Lilly,* 90 Tenn., 563, 18 S. W., 243), and did not survive for the benefit of any one (*Railroad* v. *Shewalter,* 128 Tenn., 363, 161 S. W., 1136, L. R. A., 1916C, 964, Ann. Cas., 1915C, 605).

The authority of the administrator to maintain this action for the death of Mrs. Barton must be found in the statutes, if it exists at all.

Section 4025 of Shannon's Ann. Code provides: "The right of action which a person, who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by his death, but shall pass to his widow, and, in case there is no widow, to his children, or to his personal representative, for the benefit of his widow or next of kin, free from the claims of creditors."

In *Whaley* v. *Catlett,* 103 Tenn., 352, 53 S. W., 131, the court said that this section created no new or independent right of action, but referred to the right of action which the deceased would have had in case death had not ensued.

Section 4029 of Shannon's Ann. Code creates no new right of action. It only enlarges the measure of damages without enlarging the right. The action continues to be the right of action which could have been prosecuted by the deceased. *Loague* v. *Railroad,* 91 Tenn., 461, 19 S. W., 430; *Love* v. *Railway Co.,* 108 Tenn., 125, 65 S. W., 475, 55 L. R. A., 471.

Sections 4025 to 4029a3, provide for the continued existence and passing of the right of action of the deceased and do not create a new and independent cause of action in the widow, the husband, the children, or the next of kin. Their right exists under these statutes, not because it arises directly to them in their own right, but because it passes to them in the right of the deceased. The statutes give but one right of action—that of the deceased surviving to the benefit of the next of kin, etc. *Fowlkes* v. *Railroad,* 5 Baxt., 663; *Stuber* v. *Railroad,* 113 Tenn., 305, 87 S. W., 411; *Davidson-Benedict* v. *Severson,* 109 Tenn., 613, 72 S. W., 967.

No right of action existed in Mrs. Barton that could pass at her death to her children or next of kin. *Lillienkamp* v. *Rippetoe,* supra; *McIrvin* v. *Lincoln Memorial University,* 138 Tenn., 262, 197 S. W., 862, L. R. A., 1918C, 191.

Affirmed.