BARNEY TOBIN, ADMINISTRATOR, *v*. C. J. GELRICH.

(*Nashville,* December Term, 1930.)

Opinion filed February 7, 1931.

GOODPASTURE & CARPENTER, for plaintiff in error.

HUME & ARMISTEAD, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

Mrs. Mary Gelrich was injured while riding in her husband's automobile. She sued the husband, charging that the injuries resulted from his acts of negligence.

Mrs. Gelrich died after commencing her suit and it was revived in the name of the plaintiff as administrator. While prosecuted in the name of the administrator, it is the right of action commenced by Mrs. Gelrich and which she would have had in case death had not ensued. Shannon's Code, section 4029a3.

The defendant demurred to the declaration upon the ground that the plaintiff cannot maintain the action for injuries to the wife resulting from the tortious act of the husband committed during coverture. The demurrer was sustained and plaintiff appealed.

It is insisted that chapter 126, Acts of 1919, known as the Married Women's Emancipation Law, abrogated the

common law rule and changed the status of the wife so that she could sue the husband for tort. And it is further insisted that the rule as in *Wilson* v. *Barton,* 153 Tenn., 250, forbidding the wife's action for injuries inflicted by assault and battery, does not extend to actions for negligence.

By the common law neither the husband nor the wife could maintain an action against the other for wrong committed during coverture. The rule rested upon the nature of the relation, the unity of interest of husband and wife in each other's respective rights and duties and was not limited to actions for willful wrongs, such as assault and battery, but embraced alike all torts. *Heyman* v. *Heyman,* 19 Ga. App., 634; *Perlman* v. *Brooklyn City R. Co.,* 191 N. Y. Supp., 891; *Woltman* v. *Woltman,* 189 N. W., 1022; *Strom* v. *Strom,* 6 L. R. A. (N. S.), 191; *Smith* v. *Smith,* 29 Pa. Dist. R., 10; *Oken* v. *Oken,* 117 *Atl.,* 357.

Referring the cases involving the right of one spouse to maintain an action for tort against the other, in notes under *Roberts* v. *Roberts,* 29 A. L. R., 1482, the annotator said:

"The right of one spouse to maintain an action against the other for a personal injury depends on how far the Married Women's Acts, now in force in practically every American state, have abolished the common-law rule that one spouse could not sue the other at law. That question has most frequently arisen in actions by a spouse for assault and battery committed by the other, the cases on that phase being collated in the annotation appended to *Johnson* v. *Johnson,* 6 A. L. R., 1031, and, as appears from that annotation, the decisions are in conflict, the majority denying the right to sue. A like condition ap-

pears from the few cases passing on the right of one spouse to maintain an action against the other for a personal injury other than assault and battery, the majority of them holding against the right of action.''

The rule was not changed by the Tennessee Married Women's Act of 1919 or any other statute of this State, whatever may be said of the statutes of other States. *Lillienkamp* v. *Rippetoe,* 133 Tenn., 62; *Wilson* v. *Barton,* 153 Tenn., 250.

There is no error. Affirmed.