TURNER *v.* CARTER.

*(Nashville,* December Term, 1935.)

Opinion filed January 11, 1936.

AUVERGNE WILLIAMS, of Memphis, for plaintiff in error.

GROVER McCORMICK, of Memphis, for defendant in error.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

The defendant, Ray E. Carter, was, on June 15, 1930, a minor eighteen years of age. He was the son of Marcus Carter and Mrs. Virgie Carter, deceased, and was at the time living in the home of his mother and father, unmarried, and all his life had so resided.

On June 18, 1930, the mother and son drove to some point in Mississippi, to visit Mrs. Carter's daughter, Ray's sister. Returning to Memphis, the automobile in which they were riding, driven by the minor son, ran off the gravel highway, and Mrs. Carter was injured and died as the result thereof. Mr. Carter, the father of defendant, was at the time working in Detroit, Mich.

On June 1, 1931, a suit was brought by the representative of Mrs. Carter's estate against her minor son, Ray E. Carter, based upon negligence. No allegation was made in the original declaration with respect to emancipation of this minor. A demurrer was filed, alleging that in Tennessee a parent cannot sue a minor child for tort. This demurrer was sustained and ten days allowed the plaintiff within which to amend. An amended declaration was filed adding a new count, in which it was alleged that defendant was wholly and completely emancipated by his parents and had been so emancipated prior to the date of the death of his mother. This suit came on for trial and plaintiff took a voluntary nonsuit. The suit was refiled on October 10, 1932, based upon the same declaration that was filed in the original suit. It came on for trial and, on the completion of plaintiff's evidence, the court granted a motion for peremptory instructions to the jury to find for the defendant. A judgment was accordingly entered for the defendant. Upon the overruling of the motion for a new trial, plaintiff

perfected an appeal to the Court of Appeals and that court affirmed the judgment of the trial court. The case is now before this court upon plaintiff's petition for *certiorari*.

The two assignments of error made here are, in substance: (1) That the Court of Appeals erred in holding that an emancipated minor is not liable in damages for a tort committed upon his parent; and (2) that the Court of Appeals erred in affirming the trial court's action in granting defendant's motion for peremptory instructions to the jury, on the ground that there was no material evidence in the record tending to prove the complete emancipation of the defendant.

The Court of Appeals reviewed at length the evidence in the case and reached the conclusion that the minor defendant had not been completely emancipated by his parents at the time of the accident in question. We are in accord with the finding of the Court of Appeals in this respect. At most, the record discloses a case of partial emancipation.

We do not have in our reports any case where a parent sued a minor child for damages based upon negligence. However, we think the principle which controls a disposition of this question is to be found in *McKelvey* v. *McKelvey*, 111 Tenn., 388, 77 S. W., 664, 64 L. R. A., 991, 102 Am. St. Rep., 787, 1 Ann. Cas., 130, where the question under consideration was whether a minor child had a court remedy against his father for personal injuries. In denying a remedy in such case, the court quoted with approval from the case of *Hewlett* v. *George*, 68 Miss., 703, 9 So., 885, 13 L. R. A., 682, as follows:

"So long as the parent is under obligation to care for, guide, and control, and the child is under reciprocal ob-

ligation to aid and comfort and obey, no such action as this can be maintained. The peace of society, and of the families composing society, and of a sound public policy designed to subserve the repose of families and the best interests of society, forbid to the minor child a right to appear in court in the assertion of a claim to civil redress for personal injuries suffered at the hands of the parent. The state, through its criminal laws, will give the minor children protection from parental violence and wrongdoing, and this is all the child can be heard to demand."

It is stated by counsel that a search of the authorities reveals but four cases passing upon the question of whether a parent can sue a minor child for tort committed by the child upon the parent, these being *Schneider* v. *Schneider,* 160 Md., 18, 152 A., 498, 499, 72 A. L. R., 449; *Wells* v. *Wells* (Mo. App.), 48 S. W. (2d), 109; *Lo Galbo* v. *Lo Galbo,* 138 Misc., 485, 246 N. Y. S., 565, 568; *Crosby* v. *Crosby,* 230 App. Div., 651, 246 N. Y. S., 384.

In *Schneider* v. *Schneider, supra,* the court said:

"The ordinary position of parent and guardian of a minor, and that of plaintiff seeking to recover from the minor, are positions which cannot both be occupied by one person at one and the same time. Maintenance of the suit is inconsistent with the parent's status or office, and the dependence of the minor upon her, and also with the dependence of the law upon her, for the fulfillment of necessary legal and social functions. A right of action at law is not one open to any and all persons against any others, without reference to relationships which may exist between them."

In *Dix* v. *Martin,* 171 Mo. App., 266, 157 S. W., 133,

it was held that one standing *in loco parentis* cannot set up the relationship as a defense to an action in tort. Following the doctrine in that case, which is not in accord with the weight of authority, 46 C. J., 1324, nor with the rule in this state, *McKelvey* v. *McKelvey, supra,* the court held in *Wells* v. *Wells* (Mo. App.), 48 S. W. (2d), 109, 111, that a mother might maintain an action against an unemancipated child for ·damages for personal injuries occasioned by the negligence of the latter in the operation of an automobile in which she was riding. The court said:

"The holdings which forbid an action such as the one here involved are not in harmony with the authorities on that subject in this jurisdiction. The public policy of this state on the question at issue has been declared in the *Dix Case.*"

In *Lo Galbo* v. *Lo Galbo, supra,* which was a suit by the administrator of the deceased father against his minor son, aged twenty, for negligently killing the father in an automobile accident, it was· held proper to refuse to dismiss the complaint in view of supporting affidavits tending to show the emancipation of the minor. The case of *Crosby* v. *Crosby,* is of like effect. The following appears in the opinion in the *Lo Galbo Case*:

"I do not feel that, under present day conditions, particularly in reference to automobile accidents, the question of' public policy, which has been the basis of the common-law rule in respect to this sort of actions, should longer be 'applied. It is a matter of common knowledge that a great proportion of owners of automobiles are protected against damages by insurance, and that in such cases no question of public policy could possibly be in-

volved . . . and resort to the old common-law doctrine established in the aid of maintenance of family relationship would not, in automobile cases, be sound public policy, and might and usually would result in the defeat of the very purpose for which the rule was at common law maintained.''

We cannot agree with this reasoning. *Certiorari* denied.