Ownby *v*. Kleyhammer *et al.*

(*Knoxville,* September Term, 1951.)

Opinion filed June 7, 1952.

Ogle & Ogle, of Sevierville, for plaintiff.

Wynn & Wynn and Townsend & Pack, all of Sevierville, for defendants.

Mr. Justice Prewitt delivered the opinion of the court.

The Circuit Judge sustained a demurrer to the declaration and dismissed the suit. The plaintiff, J. T. Ownby, was the twelve year old son of the defendant, W. H. Ownby, who was driving the automobile which was the property of the defendant F. H. McMahan at the time of the collision with the automobile owned and driven by the defendant James Kleyhammer. The plaintiff, a minor, suffered injuries as the result of the collision. The declaration charges that Kleyhammer and W. H. Ownby, the father of the plaintiff, were guilty of negligence which was the proximate cause of the plaintiff's injuries. It is not alleged that McMahan was guilty of negligence nor that Ownby was the agent or servant of McMahan. According to the declaration, W. H. Ownby was driving the McMahan car with the knowledge and consent of the owner.

Defendants McMahan and the father interposed a demurrer, the basis of which is that in an action in tort by a minor child against its parent, such suit cannot be maintained in this state. A voluntary nonsuit was taken as to Kleyhammer.

We are of the opinion that the demurrer was properly sustained. *Graham* v. *Miller,* 182 Tenn. 434, 187 S. W. (2d) 622, 162 A. L. R. 571; *Mahaffey* v. *Mahaffey,* 15 Tenn. App. 570; *McKelvey* v. *McKelvey,* 111 Tenn. 388, 77 S. W. 664, 64 L. R. A. 991.

In the Graham case [182 Tenn. 434, 187 S. W. (2d) 623], a twelve year old boy was run over and killed by

a truck driven by his father. The father was in charge of the truck as an employee of the owners. The mother, as administratrix, filed suit against the owners of the truck only, charging that a defect in the truck for which the owners were responsible, was the contributing cause of the injury. There was a judgment for the plaintiff which was affirmed by the Court of Appeals. This Court granted certiorari and in the opinion said in part:

"(1) While the proof clearly shows, and it is undisputed, that Ray Miller, in charge of the truck, was guilty of negligence, he was not joined as a defendant, in recognition of the well-settled rule that a minor child cannot maintain a tort action against a parent. *McKelvey* v. *McKelvey*, 111 Tenn. 388, 77 S. W. 664, 64 L. R. A. 991, 102 Am. St. Rep. 787, 1 Ann. Cas. 130. And see 39 Am. Jur., p. 735, citing numerous cases from other jurisdictions.

"(2) Nor can an administratrix, in which capacity this suit is brought by the mother, maintain a tort action for the wrongful death of her intestate if he, in his lifetime, could not maintain the action. *McCreary* v. *Nashville, C. & St. L. Ry.*, 161 Tenn. 691, 695, 34 S. W. (2d) 210. If the beneficiary cannot recover, neither can an administrator. *Anderson* v. *Memphis St. Ry. Co.*, 143 Tenn. 216, 219, 227 S. W. 39.

"(3) Another proposition equally well settled in this jurisdiction is that a master is not liable under the doctrine of respondeat superior, unless the servant is liable. [*D. B.*] *Loveman Co.* v. *Bayless*, 128 Tenn. 307, 160 S. W. 841, Ann. Cas. 1915C, 187; *Raines* v. *Mercer*, 165 Tenn. 415, 55 S. W. (2d) 263; *Mahaffey* v. *Mahaffey*, 15 Tenn. App. 570; *Summers* v. *Bond-Chadwell Co.*, 24 Tenn. App. 357, 372,

145 S. W. (2d) 7. For like holdings outside of this State, see *Meece* v. *Holland Furnace Co.*, 269 Ill. App. 164, citing numerous cases. (Annotated in 116 A. L. R. 650.)

"It is true that it has been held in one or more other jurisdictions that, while a child cannot recover against his father for a tort, the child may nevertheless recover against the master, or employer of the father, when the injury resulted from the negligence of the father, acting within the scope of his employment, upon the theory that the immunity granted by public policy against suit by his child does not extend to and exempt the employer. * * * But the question is not an open one in this State, where the derivative doctrine of liability of the master for the negligence of the servant is recognized.

\* \* \* \* \* \*

"Being clearly of opinion that this is a case in which the defendants may maintain an action to recover over against the father of this plaintiff's intestate, their joint tort-feasor, it follows automatically that the ultimate effect of the judgment in this case is to fasten upon this parent ultimate liability for this recovery in favor of his child, in contravention of the rule that grants immunity to a parent from such liability."

It will be observed that the Graham case is stronger for the plaintiff than the present case for here there is no averment of contributory negligence on the part of defendant McMahan, the owner of the car, nor of a relationship of principal and agent between McMahan and Ownby.

The plaintiff relies upon the case of *Richards* v. *Parks*, 19 Tenn. App. 615, 93 S. W. (2d) 639. There the mother of a minor child employed a driver to drive her and the child from Bristol to Chicago. The trip was made in the mother's car. An accident occurred in Virginia in which the child was injured. Suit was filed in behalf of the minor against the driver and recovery was had against the driver. The mother was not a party defendant in the suit. This case is distinguishable from the present case in that in the Richards case the accident happened in Virginia and right of recovery was controlled by the laws of that state. It was decided under the gross negligence law obtaining in the State of Virginia, which requires a showing of gross negligence before a guest can recover for injuries sustained while riding in an automobile. In the Richards case, suit was not filed by a minor child against his parents for a tort committed by the parent but against the parent's agent for a tort committed by the agent. It is said in the Richards case that no principle of public policy is involved in the suit against the agent by the parent for the agent's own tort because the agent may be liable without casting any liability upon the principal and in no event could the agent recover over against the principal for the agent's own independent tort.

The opposite is true in the present case. If judgment should be had against the defendant McMahan, he would have the right of action against the defendant only and if such action should be maintained by the court, it would be to allow indirectly a recovery against Ownby which could not be had directly. In the Richards case, the court approved the rule of non-liability of a parent for a tort committed against his child. The court held that

this rule had no application where the suit was not against the parent but was against the parent's agent.

It results that we find no error in the judgment of the court below and it is affirmed.