AUDREY PARKER PRINCE

*v.*

ROLAND PRINCE.

(*Knoxville,* September Term, 1958.)

Opinion filed July 27, 1959.

R. R. Kramer and Erma G. Greenwood, Knoxville, Kramer, Dye, McNabb & Greenwood, Knoxville, of counsel, for plaintiff in error.

Hodges, Doughty & Carson, Knoxville, for defendant in error.

Mr. Justice Tomlinson delivered the opinion of the Court.

The question is whether Mrs. Prince can maintain an action against her husband for injuries resulting from his alleged negligence in driving in Tennessee an automobile in which she was riding; or, if ordinarily she could not maintain such action, may she, nevertheless, do so because her husband had a liability insurance policy for an amount in excess of that for which his wife sues him. From the judgment of the Circuit Court hold-

ing that such suit could not be mantained, Mrs. Prince has appealed.

The common-law rule in our various states is that a wife cannot maintain an action against her husband for a tort committed by him against her. But since the enactment of the Married Women's Emancipation Statute in the various states, there has been a departure in some, but by no means a majority, of the states from that common-law rule so consistently theretofore applied. On page 651 of 43 A.L.R. 2d, the annotator, in taking note of these contrary holdings since the enactment of the various Emancipation Statutes, observed that "the difference in result can, in almost every instance, be traced to a different interpretation of the applicable Married Women's Act."

■ Our Married Women's Emancipation Statute is carried as Title 36-601, T.C.A. In *Lillienkamp v. Rippetoe,* 133 Tenn. 57, 179 S.W. 628, L.R.A.1916B, 881, this Court held that this Tennessee statute did not abrogate that common-law rule. It has reaffirmed that decision each time thereafter when the question has been made, *Wilson v. Barton,* 153 Tenn. 250, 283 S.W. 71; *Tobin v. Gelrich,* 162 Tenn. 96, 34 S.W.2d 1058; *Raines v. Mercer,* 165 Tenn. 415, 55 S.W.2d 263, unless, as suggested in behalf of Mrs. Prince, that decision was overruled in effect by the July, 1957 decision of this Court in *Lucas v. Phillips,* 205 Tenn. 444, 326 S.W.2d 905, Shelby Law.

Mrs. Lucas, plaintiff in *Lucas v. Phillips,* was injured in a traffic accident while riding in an automobile which was being driven by her husband on the business of defendant Phillips. She did not sue her husband, as in the case at bar. She sued his employer, Phillips. Her dec-

laration charged that her injuries were due to negligence upon the part of her husband while engaged in the business of Phillips. The accident occurred in Arkansas. An Arkansas statute gave a wife a right of action against her husband for injuries resulting from a tort committed by him under circumstances alleged in the declaration of Mrs. Lucas. As noted in the opinion, it was agreed on all sides that the law of Arkansas controlled the right of the litigants, the tort having occurred there, though the suit was brought in Tennessee where both plaintiff and defendant resided. To like effect is *Franklin v. Wills,* 6 Cir., 217 F.2d 899, and *Villaret v. Villaret,* 83 U.S.App. D.C. 311, 169 F.2d 677.

Mrs. Prince concludes that our decision in *Lucas v. Phillips* is an overruling of the Tennessee cases mentioned in that it is a repudiation (so it is insisted) of the common-law rule that it is against the public policy of Tennessee to permit a wife to maintain an action of damages for an injury inflicted upon her by the tort of her husband; hence, that she may maintain this action.

In the instant case the suit is brought directly against the husband for a tort committed in Tennessee. In *Lucas v. Phillips* the suit is brought against the husband's employer for a tort committed in Arkansas. Since, under the Arkansas law the wife might have sued the husband directly, it follows under the principle of respondeat superior that she might sue his employer for a tort growing out of the employment. Had the accident occurred in Tennessee, therefore controlled by Tennessee law, the husband could not have been sued by his wife. Therefore, an action could not have been maintained against the employer, whose liability is derivative

only. *Raines v. Mercer,* 165 Tenn. 415, 420, 55 S.W.2d 263. It is the Court's opinion that *Lucas v. Phillips* is not in point for the reasons stated.

■ Further, as to the insistence that *Lucas v. Phillips* reversed public policy of Tennessee upon the subject, it is a fact that the question of such public policy was given no consideration in the case. It is not mentioned in the opinion. For that additional reason that case is not controlling here upon that question: "It is a familiar principle that stare decisis only applies with reference to decisions directly upon the point in controversy." *State ex rel. Pitts v. Nashville Baseball Club,* 127 Tenn. 292, 307, 154 S.W. 1151, 1155. See also *Burns v. Duncan,* 23 Tenn. App. 374, 388, 133 S.W.2d 1000, to same effect.

■ In further support of the wife's contention here reference is made to some general statement of this Court in *Hull v. Hull Bros. Lumber Company,* 186 Tenn. 53, 208 S.W.2d 338, and *Hall v. Hall,* 193 Tenn. 74, 241 S.W.2d 919. The Court is not there dealing with the question presented by this case. Those expressions are, therefore, not to be regarded as controlling here. The rule is that: "It is a maxim not to be disregarded that general expressions, in every opinion are to be taken in connection with the case in which those expressions are used." *National Life & Accident Insurance Company v. Eddings,* 188 Tenn. 512, 523, 221 S.W.2d 695, 699.

■ This brings us to the question of whether this wife may maintain this action against her husband because he has a liability insurance policy, whereby any judgment rendered against him in her favor will be paid by the Insurance Company.

■ These liability insurance policies are indemnity policies; that is, they are obligated to indemnify the insured for any loss sustained by him by way of judgment or otherwise due to negligent operation of his automobile. It follows that if the action cannot be maintained against him, there is nothing to indemnify.

Such being the legal status, a well-expressed and conclusive answer to the insistence that liability insurance enabled the wife to maintain this action is a statement in United States Court of Appeals, District of Columbia, in *Villaret v. Villaret,* 83 U.S.App.D.C. 311, 169 F.2d 677, 678, as follows: "The existence of liability insurance ought not to create a cause of action where none exists otherwise. A policy of such insurance protects against claims legally asserted, but does not itself produce liability."

There is a line of cases such as *Rogers v. Butler,* 170 Tenn. 125, 92 S.W.2d 414, holding that where the county or city has procured liability insurance to pay the damage done by reason of the negligence of its employees in the performance of a governmental act, then such county or city is liable for such negligence to the extent of the insurance coverage, notwithstanding its otherwise governmental immunity. It is very plausibly insisted in behalf of the wife here that, by the same token, the procuring of liability insurance by this husband was a waiver of his immunity from suit to the extent of the liability insurance.

Though very plausible, the fallacy of this contention is, as heretofore stated, that there was no immunity to waive. As held in *McKelvey v. McKelvey,* 111 Tenn. 388, 77 S.W. 664, 665, 64 L.R.A. 991, "there was no civil right

to be redressed''. Or, as stated in *Wilson v. Barton,* 153 Tenn. 250, 283 S.W. 71, ''the right of action never existed''. To the same effect is *Tobin v. Gelrich,* 162 Tenn. 96, 34 S.W.2d 1058, and *Raines v. Mercer,* 165 Tenn. 415, 55 S.W.2d 263. This distinction is noticed in Volume 23 of the Tennessee Law Review, page 1056, to which our attention is called by the brief of the defendant in error. That statement is this: ''Under this view, based primarily on the common-law doctrine of the unity of husband and wife, there is never any cause of action; it is not simply a matter of granting an immunity as is elsewhere the doctrine''.

In *State v. Ward and Briggs,* 56 Tenn. 100, 111, it is said that the State may ''waive its exemption from suit'' if it is done ''either by statute or by some other unequivocal means''. *Moore v. Tate,* 87 Tenn. 725, 729, 11 S.W. 935, 936. The procuring of liability insurance in cases such as *Rogers v. Butler,* supra, was regarded as an unequivocal waiving of its ''exemption'', as it is sometimes called, or ''immunity'' as it is at other times termed. But in the case of a tort committed by the husband upon his wife there is no immunity or exemption to be waived, because ''there was no civil right to be redressed''. A ''right of action never existed''.

Affirmed.