MARGARET HERRELL, Admrx. TOMMY HANEY, Deceased,
Plaintiff in Error,

*v.*

FRED HANEY, Defendant in Error.

(*Knoxville,* September Term, 1960.)

Opinion filed December 8, 1960.

PRIVETTE & MANN, Knoxville, for plaintiff in error.

POORE, COX, BAKER & MCAULEY, Knoxville, for defendant in error.

Mr. Justice Swepston delivered the opinion of the Court.

The appeal in this case is properly to this Court by reason of the trial judge's action in sustaining a plea in abatement to the declaration.

The principal question presented in this case is one of first impression.

The facts as appearing from the pleadings and the stipulation of counsel stated in the briefs are the following: Tommy Haney, deceased, age 13 years, and his brother, Fred Haney, age 17 years, both being unemancipated, lived at the home of their parents, Donald Haney and Elizabeth Haney. Fred Haney, the defendant in error, with the permission of his father, was driving the family car at the time an accident occurred on July 19, 1958, as a result of which the car was wrecked and the younger brother, Tommy, was killed. Suit was brought by Margaret Herrell as administratrix of the estate of Tommy Haney against Fred Haney alone for the wrongful death of his brother.

The primary question raised by the first assignment of error is whether it is against the public policy of

this State to allow an unemancipated minor brother, or as in this case his administrator, to sue the surviving unemancipated minor brother, both living with their parents, in tort, as in the instant case for a wrongful death.

The second question is, if the answer to the first question be that such action may be maintained, may it be maintained where the parents of the alleged tort-feasor are the statutory beneficiaries of the decedent's cause of action, on the theory that to permit same would violate the established public policy of Tennessee that a parent may not sue his child and that, therefore, to permit this action would be to permit that to be done indirectly which may not be done directly.

We are indebted to respective counsel for briefs presenting all authorities that might be at all relevant with reference to the primary question. This question has arisen in comparatively few appellate jurisdictions and in every one where it has arisen the right of action has been sustained. There is no case holding to the contrary.

The very late case decided by the Supreme Court of Appeals of Virginia, *Midkiff v. Midkiff*, 201 Va. 829, 113 S.E.2d 875, contains practically all available authority on the point and holds that such an action may be maintained. These authorities appear on page 876 of 113 S.E. 2d, among those authorities is 52 Am.Jur. "Torts" p. 439, Sec. 97:

"Family Relations.—The cases uniformly hold or assume that the fact of relationship by blood or marriage, other than that of parent and child or husband and wife, between the tort-feasor and the person injured does not preclude the maintenance of an action

for such injuries. The rule has been applied to actions between brothers and sisters. * * *''

Also cited in the opinion is *Munsert v. Farmers Mut. Auto. Ins. Co.,* 229 Wis. 581, 281 N.W. 671, 119 A.L.R. 1390, which case is cited in *Brown v. Selby,* 206 Tenn. 71, 332 S.W.2d 166, which will be referred to hereinafter.

The opinion in the Virginia case covers every point that has been urged against the allowance of such an action in other reported cases; it would indeed be a work of supererogation to do more than state that that opinion rejects the argument that it would be against public policy to allow the action, or would seriously disturb the family relationship, or destroy the family unit, or would be an open invitation to fraud and collusion, particularly where there is insurance on the automobile covering the driver or owner against liability for personal injuries. On page 877 of 113 S.E.2d the Court said:

''The suggested analogy of suits for personal injuries between husband and wife or parent and child has no application. Even though a husband and wife or parent and unemancipated child are not permitted to sue each other for personal injuries in this state, it does not follow that an unemancipated infant cannot sue his unemancipated brother for injuries inflicted by one on the other. As contrasted with the husband and wife relationship, there is, between two brothers, no historical or fictional background of legal unity or oneness. Neither does there exist the problem of parental discipline and support, as is found in the case of parent and child. See *Worrell v. Worrell,* (supra) 174 Va. at page 20, 4 S.E.2d at page 346; 43 Harv.L.Rev. (1929-30), 1030, 1056, 1057; 37 Mich.L.Rev. (1938-39) p. 658.''

Counsel for defendant in error cites only the following cases: *McKelvey v. McKelvey et ux,* 111 Tenn. 388, 77 S.W. 664, 64 L.R.A. 991 (no action permitted in tort by minor child against parent); *Graham v. Miller,* 182 Tenn. 434, 187 S.W.2d 622, 162 A.L.R. 571 (no such action allowed by administrator of deceased minor child); *Turner v. Carter,* 169 Tenn. 553, 89 S.W.2d 751 (no such action by parent against minor child); *Graham v. Miller,* supra, and *Ownby v. Kleyhammer,* 194 Tenn. 109, 250 S.W.2d 37 (employer not liable under respondeat superior, unless employee is liable, precludes such action by minor child against employer where the child's injury resulted from the negligence of the employee who is the child's father).

We are of opinion and hold that the primary question must, therefore, be answered by allowing the action; hence the first assignment of error is sustained.

■ With reference to the second assignment of error, in *Brown v. Selby,* supra, Mr. Justice Tomlinson has very clearly shown by the previous decisions of this Court that under T.C.A. sec. 20-607, the right of action for wrongful death which a person would have had, had he survived, with all of its incidents, passes to his personal representative; that any recovery had in the case passes to the beneficiaries named in the statute not in their own right, "but because it passes to them in the right of the deceased. The statutes give but one right of action—that of the deceased surviving to the benefit of the next of kin, etc." (332 S.W.2d 168).

It, therefore, follows logically and necessarily that the right of action in this case must be treated as that of the deceased represented by his personal representative,

with the benefits passing to whomsoever happens to be the next of kin and the fact that the next of kin happen in this case to be the parents should not bring into play the public policy involved where the right of action lies in the right of the parent or parents themselves.

Mr. Justice Tomlinson expressed it thus:

"(3) If the right of action here asserted is the right of the dead mother, as it is, rather than the right of her children, and if the recovery is in her right, as it is, it would be making a fetish, in this Court's opinion, of the common law rule to hold that her right of action could not be maintained because under the circumstances existing in this case an 'incident' of the recovery had in her right is that her recovery passes to her children."

The analogy between the two cases is perfect except that the recovery passes in the instant case to the parents, whereas in the Selby case it passes to the children.

We are accordingly of opinion and hold that assignment No. 2 must be sustained, because the fact that the recovery passes to the parents as the next of kin does not under the facts of this case violate the public policy of the State.

Judgment below is accordingly reversed and the cause remanded for further proceedings.