Catharine B. Logan, Adm'x of Marie S. Seneker,
Deceased,

*v.*

Louise Seneker Reaves et al.

354 S. W. 2d 789.

(*Knoxville,* September Term, 1961.)

Opinion filed February 8, 1962.

Rehearing Denied April 4, 1962.

632

HODGES, DOUGHTY & CARSON, Knoxville, J. N. HARDIN, Greeneville, for plaintiffs.

KRAMER, DYE, MCNABB & GREENWOOD, Knoxville, for defendants.

MR. JUSTICE FELTS delivered the opinion of the Court.

On July 28, 1959, Marie S. Seneker, a guest in an automobile driven by her minor daughter Louise, was killed when the car struck a truck at a highway intersection in this State. On July 23, 1960, her administratrix brought this action against the daughter, now Mrs. Louise Seneker Reaves, and Bewley Chevrolet Co., owner of the car, for damages for her alleged wrongful death.

The declaration alleged that the action was brought for the benefit of her surviving husband and children other than Louise; that Louise was completely emancipated by her marriage to Jack F. Reaves September 3, 1959, and by removal of her disability of minority by court decree July 6, 1960; and that she was driving the car as agent or servant and in the business of the other defendant, and negligently caused the death sued for.

Defendants filed demurrers, asserting that since Mrs. Reaves was an unemancipated minor child of decedent

at the time of her alleged wrongful death, and since she, had she lived, could not have maintained this suit against such child, her administratrix cannot do so; and, as an added ground, the other defendant asserted that since it was sued only for the wrong of Mrs. Reaves as its agent, the suit, not being maintainable against her, could not be maintained against it.

The Trial Judge sustained the demurrers and dismissed the action. Plaintiff appealed in error and has assigned errors, which present the question whether an action for wrongful death of a parent, caused by negligence of his unemancipated minor child, may be maintained by his administrator against such child after the child has been completely emancipated.

This is a question of first impression in this State. We think it must be answered in the affirmative; that such a result logically and necessarily follows from principles that have been settled in a number of our cases as well as in cases from other states.

The right of action in such a case is preserved by our wrongful death statute (T.C.A. secs. 20-607, 610, 611), which creates no new right, but keeps alive the right the deceased, had he not died, would have had against the wrongdoer, and passes it to his personal representative for the benefit of his next of kin. *Memphis St. Ry Co. v. Cooper,* 203 Tenn. 425, 313 S.W.2d 444; *Brown v. Selby,* 206 Tenn. 71, 74, 332 S.W.2d 166.

This statute makes no exception but comprehends *"every case* of wrongful killing" (*Trafford v. Adams Express Co.,* 76 Tenn. 96, 100), which includes a case of wrongful killing of a parent by his unemancipated minor

child; that is, the right he would have had against such child, had he survived, passes to his administrator for the benefit of his widow and next of kin—those named in the statute to take the recovery.

Under this statute, the right of action which Mrs. Seneker, had she not died, would have had against her minor child, Mrs. Reaves, for her wrongful killing, passed to her administratrix for the benefit of her surviving husband and children other than Mrs. Reaves (*Anderson v. Memphis St. Ry. Co.*, 143 Tenn. 216, 227 S.W. 39); and this right may not be enforced in this action, unless its enforcement is forbidden by the rule invoked by defendants.

This is the common law, or intra-family immunity, rule which has been considered in a number of our cases. *McKelvey v. McKelvey*, 111 Tenn. 388, 77 S.W. 664, 64 L.R.A. 991, 102 Am.St.Rep. 787, 1 Ann. Cas. 130; *Turner v. Carter*, 169 Tenn. 553, 89 S.W.2d 751; *Ownby v. Kleyhammer*, 194 Tenn. 109, 250 S.W.2d 37; *Brown v. Selby*, 206 Tenn. 71, 332 S.W.2d 166; *Herrell v. Haney*, 207 Tenn. 532, 341 S.W.2d 574.

*McKelvey v. McKelvey*, supra, held that an unemancipated infant could not maintain a tort action against her father and stepmother for cruel and inhuman treatment wrongfully inflicted upon her. The Court stated the reason for the rule: "sound public policy designed to subserve the repose of families and the best interests of society," forbid such an action (quoting *Hewlett v. George, Ex'r.*, 68 Miss. 703, 9 So. 885, 13 L.R.A. 682).

Likewise, *Turner v. Carter*, supra, held that the administrator of a deceased parent could not maintain a tort

action against her minor son for her wrongful death, it appearing the son "had not been completely emancipated"; and the Court stated the reason for the rule as in the McKelvey case, quoting it from that case.

*Ownby v. Kleyhammer,* supra, held that a 12-year-old son could not maintain a tort action against his father for personal injuries caused by the father's negligence in driving an automobile. It does not appear that there was any claim that this 12-year-old boy had been emancipated. This case followed the McKelvey rule, which had been the basis of the holding in *Graham v. Miller,* 182 Tenn. 434, 187 S.W.2d 622.

In *Brown v. Selby,* supra, Selby and his wife had two small children and, after their divorce, he wrongfully killed her. It was held that since she was not his wife at the time of the killing, her administrator could maintain an action against him for her wrongful death, even though the damages went to his children by her. The Court expressed the view that in such a case, to hold that the action could not be maintained against the father for the benefit of the children, "would be making a fetish" of the common law rule, forbidding tort actions between parent and child.

The Court further pointed out that this "common law personal immunity rule" "is based solely upon the public policy of preserving domestic peace and tranquility in the family" (citing the McKelvey case); and that since the father had destroyed this peace and tranquility, the reason ceased, and with it the rule. And the Court quoted this from a Pennsylvania case:

"It would be an unjust and harsh law which would narrow the scope of the statutory death action merely

because of a rule, the reasons for which are nonexistent." *Kaczorowski v. Kalkosinski*, 321 Pa. 438, 184 A. 663, 666, 104 A.L.R. 1267, 1271.

In *Herrell v. Haney*, supra, we held that this common law rule did not apply to tort actions between unemancipated minor brothers, both living in the same family; and an action for wrongful death by the administrator of one brother against the other was sustained. We also held that the fact that the recovery went to the parents did not violate the public policy of this State preventing such actions between parent and child.

■ So, we think the sole reason for the common law, or family immunity, rule is the public policy of protecting the family relationship; that when the reason ceases, the rule ceases; and that the reason fails and the rule does not apply where the family relationship has been severed or terminated. *Brown v. Selby*, supra; *Herrell v. Haney*, supra; *Lancaster v. Lancaster*, 213 Miss. 536, 541, 57 So.2d 302 (distinguishing *Hewlett v. George Ex'r.*, supra); see Prosser on Torts, 2nd ed., 670-678; *Dunlap v. Dunlap*, 84 N.H. 352, 150 A. 905, 71 A.L.R. 1055.

One way in which a family relationship is terminated, as to a minor child, is by the complete emancipation of such child. " 'Complete emancipation' loses to the parent custody and control; in fact, works a severance of the legal filial relation as completely as if the child were of age." *Memphis Steel Const. Co. v. Lister*, 138 Tenn. 307, 310; 197 S.W. 902, 903, L.R.A.1918B 406; *Wallace v. Cox*, 136 Tenn. 69, 188 S.W. 611, L.R.A.1917B, 690; *Glover v. Glover*, 44 Tenn.App. 712, 720, 319 S.W.2d 238.

So far as decedent, Mrs. Seneker, and her daughter, Mrs. Reaves, were concerned, the family relationship

was ended by Mrs. Seneker's death. Moreover, Mrs. Reaves was completely emancipated by her marriage and by removal of her disability of infancy, so that her legal status was that of a stranger, before this action was brought against her. It is conceded by all authorities that the intra-family immunity does not apply to a tort action between a parent and a child completely emancipated.

Defendants, however, insist that the subsequent emancipation of Mrs. Reaves could not relate back, "breath the breath of life into this claim," and make it "suddenly come alive." For this, they rely on cases holding tort actions cannot be maintained between husband and wife. *Wilson v. Barton,* 153 Tenn. 250, 283 S.W. 71; *Prince v. Prince,* 205 Tenn. 451, 326 S.W.2d 908, and cases there cited.

Those cases are not in point. Such holdings are based upon the common law unity of husband and wife, which prevented personal tort actions between them. That is, a "right of action never existed" (*Prince v. Prince,* supra, 205 Tenn. 457, 326 S.W.2d 908).

This common law notion of unity of husband and wife was never applicable to the relation of parent and child; but the law recognizes the separate existence of the child and its right of action against its parent to recover for a personal tort. But this right was merely suspended and its enforcement prevented by the public policy of protecting the family relation.

So when the family relationship was terminated, when Mrs. Reaves was completely emancipated, this rule of public policy was no longer applicable, no longer stood

in the way of the enforcement of decedent's right of action against defendant. Other objections to the maintenance of such a suit, such as disturbance of the family relation, collusion, fraud, etc., were fully answered in the opinion by Justice Swepston in *Herrell v. Haney,* supra.

For these reasons, the judgment of the Trial Court, sustaining the demurrers and dismissing the action, is reversed and the case will be remanded for further proceedings not inconsistent with this opinion. The costs of the appeal in error are adjudged against defendants.

### On Petition to Rehear

Defendants have filed an earnest petition to rehear, and an able argument. It points out, however, no matter of fact or law overlooked, but only re-argues matters which able counsel insists were improperly decided, after argument and full consideration. Such petition presents no ground for a rehearing.

" 'The office of a petition to rehear is to call the attention of the court to matters overlooked, not to those things which the counsel supposes were improperly decided after full consideration' " (citing cases). *City of Paris v. Paris-Henry County Public Utility District,* 207 Tenn. 388, 398, 340 S.W.2d 885, 890.

The petition is denied at petitioners' cost.