**Joe B. RIVES, Jr., father of John Thomas Rives**

v.

**INTERNATIONAL OIL BURNER CO., Inc., Controls Company of America, Inc. and Frontier Homes Corp.**

**M. L. BRICKEY, father of Sylvia Ann Brickey**

v.

**INTERNATIONAL OIL BURNER CO., Inc., Controls Company of America, Inc. and Frontier Homes Corp.**

**Civ. A. Nos. 6479, 6480.**

United States District Court
E. D. Tennessee, N. D.

April 24, 1969.

William Vines, III, Knoxville, Tenn., for plaintiff.

McAfee Lee, Paul E. Parker, O'Neil, Jarvis, Parker & Williamson, Lewis S. Howard, Donaldson, Montgomery & Kennerly, Hodges, Doughty & Carson, Knoxville, Tenn., for defendant.

## OPINION

ROBERT L. TAYLOR, District Judge.

The Clerk has advised the Court that these cases are set for May 8, 1969. Due to the shortness of time, the Court feels that it should make a judgment immediately so that the interested parties may have time to prepare for trial on the merits.

The pleadings in these cases, as well as the statements of counsel during their oral arguments, show that the persons who were killed were nineteen and twenty years of age, respectively. TCA Section 28–107 [1], which is commonly known as the saving statute, gives minors the right to sue for personal injuries within one year after they reach twenty-one years of age. As indicated, the persons were minors at the time they were killed.

TCA Section 28–304 [2] provides, in substance, that actions grounded in tort shall be commenced within one year after the cause of action accrues. The difficulty that arises in the present cases stems from the recent decision by the Supreme Court of Tennessee in the case of Jackson v. General Motors et al., 441 S.W.2d 482. January 31, 1969. Some of the members of the bar felt that the decision in the Jackson case was revolutionary in that it cut off rights of action in products liability cases within one year after the date of the sale of the product although the person injured was not injured until more than one year after the sale of the product.

This Court recently presided over a case in Chattanooga in which the person who sued injured his arm in a coin-operated laundry. He sued the manufacturer and distributor of the washing machine, claiming that the machine was defective and was the cause of the injury to his arm in 1966. The machinery was sold in 1961. This Court felt that it was necessary to sustain defendants' motion for a summary judgment on account of the decision in the Jackson case.

The Court invited a motion for a new trial from counsel for plaintiff and told counsel that the motion for a new trial would not be ruled on until the petition for a rehearing in the Jackson case was determined. After the Supreme Court denied the petition to rehear in the Jackson case, the Court overruled plaintiff's motion for a new trial.

This Court has previously held in other products liability cases involving minors that the statute did not run against minors until they had reached twenty-one years of age and one year thereafter.

There is some question as to whether those decisions can be reconciled with the decision of the Supreme Court of Tennessee in the Jackson case. They were based on the premise that the special statute governing minors and people of unsound mind would control over the general statute that bars an action for personal injuries one year after the cause of action accrued.

It is recognized that the question involved in the present cases presents a troublesome problem, but the Court believes at this time that if the minors had lived they would have had a prima facie cause of action against the defendants and that their beneficiaries or representatives possess the same rights. TCA 20–607 [3]; Herrell v. Haney, 207

---

1. "28–107. *Persons under disability on accrual of right.*—If the person entitled to commence an action is, at the time the cause of action accrued, either (1) within the age of twenty-one (21) years, * * * such person, or his representatives and privies, as the case may be, may commence the action, after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceed three (3) years, and in that case within three (3) years from the removal of such disability."

2. "28–304. *Personal tort actions—Malpractice of attorneys—Statutory penalties.*—Actions * * * for injuries to the person * * * shall be commenced wthin one (1) year after the cause of action accrued."

3. "20–607. *Injury resulting in death—Succession to cause of action.*—The right of action which a person, who dies from injuries received from another, or whose

Tenn. 532, 341 S.W.2d 574; Stuber v. L & N Railroad Co., 113 Tenn. 305, 87 S.W. 411.

In sum, the Court holds that although the cause of action accrued at the date of sale of the product, the one-year statute of limitations would not bar the present suits because the injuries resulted to minors and the minors, had they lived, would have had a cause of action.

death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by his death, but shall pass to his widow, and in case there is no widow, to his children or to his next of kin; * * *."