# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### HEARD AT FRANKLIN[1]
October 8, 2004 Session

## AMY BUTTERWORTH, ET AL. v. JOHN BUTTERWORTH, ET AL.

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Dyer County**
**No. 02-02      R. Lee Moore, Jr., Judge**

---

### No. W2003-00983-SC-R11-CV - Filed January 20, 2005

---

We granted this appeal to determine whether the doctrine of parental immunity bars recovery when a son is injured at his father's place of employment. We conclude that the Court of Appeals erred in creating a bright-line rule prohibiting the application of the doctrine of parental immunity when the injury resulted from employment-related activities. Viewing the evidence in the light most favorable to the non-moving party, we hold that the motion for summary judgment was improperly granted by the trial court. Thus, we affirm the judgment of the Court of Appeals in this respect and remand this case to the trial court for further proceedings consistent with this opinion.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Affirmed in Part and Modified; Case Remanded to Trial Court**

JANICE M. HOLDER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON and WILLIAM M. BARKER, JJ., and ALLEN W. WALLACE, SP.J. joined.

Allan B. Thorp, Memphis, Tennessee, for the Appellants, John Butterworth and Chic Transportation, LLC.

Marvin A. Bienvenu, Memphis, Tennessee, for the Appellee, Amy Butterworth.

### OPINION

On May 5, 2001, seventeen-year-old Stephen Butterworth ("Stephen") accompanied his father, John Butterworth ("Butterworth"), to Butterworth's place of employment, a repair shop owned by Chic Transportation, LLC ("Chic"). Butterworth, a mechanic, instructed Stephen to grease

---

[1] Oral argument was heard in this case on October 8, 2004, in Franklin, Williamson County, Tennessee, as part of this Court's S.C.A.L.E.S. (**S**upreme **C**ourt **A**dvancing **L**egal **E**ducation for **S**tudents) project.

the fittings underneath a semi-truck that was elevated by hydraulic jacks. While Stephen was greasing the fittings, the truck fell from the jacks onto his foot, resulting in injuries.

Stephen's parents are divorced, and Stephen lives with his mother, Amy Butterworth ("Mrs. Butterworth"). Following the incident, Mrs. Butterworth brought a lawsuit against Butterworth and Chic on behalf of Stephen. The complaint alleged that Butterworth and Chic were negligent in failing to maintain the safety of their equipment, in failing to properly place jack stands underneath the truck, and in failing to properly post signs and to keep non-employees out of the work area. The defendants filed a joint motion for summary judgment claiming that the doctrine of parental immunity barred recovery. The trial court granted the defendants' motion.

The Court of Appeals reversed the trial court's judgment, holding that the parental immunity doctrine is not applicable when injuries to a child result from the parent's employment or business-related activities. We granted review.

## ANALYSIS

### A. The Doctrine of Parental Immunity

Prior to 1994, the doctrine of parental immunity barred all actions in this state for injuries to a minor child resulting from a parent's negligence. See Barranco v. Jackson, 690 S.W.2d 221, 222 (Tenn. 1985), *overruled by* Broadwell ex rel. Broadwell v. Holmes, 871 S.W.2d 471, 477 (Tenn. 1994); McKelvey v. McKelvey, 77 S.W. 664 (Tenn. 1903), *overruled by* Broadwell, 871 S.W.2d at 477. However, in 1994 this Court reconsidered the applicability of the doctrine of parental immunity and held that a child may recover for injuries caused by parental conduct that falls outside the scope of the parent-child relationship. Broadwell, 871 S.W.2d at 473. This Court limited the doctrine of parental immunity in Tennessee "to conduct that constitutes the exercise of parental authority, the performance of parental supervision, and the provision of parental care and custody." Id. at 476-77. We further noted that the application of parental immunity depends upon both the nature of the acts and the context in which the parent performed the acts. Id. at 476 n.2.

In the present case, the Court of Appeals held that "in Tennessee, a parent is not immune from liability where the alleged negligence is in the performance of employment-related activities." Thus, the Court of Appeals created a bright-line exception to the doctrine of parental immunity for negligence involving employment-related activities without examining the circumstances under which those activities were conducted. Because Broadwell requires an examination of both the nature of the acts and the context in which the parent performed the acts, the Court of Appeals erred. See id. We hold that determining whether parental immunity applies to employment-related activities requires a case-by-case analysis of the nature of the acts performed and of the context in which they were performed. Consequently, we must examine the facts alleged to determine if summary judgment was appropriately granted.

## B. Summary Judgment

The standard for reviewing a grant of summary judgment by a trial court is de novo without a presumption that the trial court's conclusions are correct. See Mooney v. Sneed, 30 S.W.3d 304, 306 (Tenn. 2000). Summary judgment is appropriate only when the moving party demonstrates that no genuine issues of material fact exist and that he or she is entitled to judgment as a matter of law. See Tenn. R. Civ. P. 56.04; Byrd v. Hall, 847 S.W.2d 208, 215 (Tenn. 1993). The primary issues underlying a motion for summary judgment are "(1) whether a factual dispute exists; (2) whether the disputed fact is material to the outcome of the case; and (3) whether the disputed fact creates a genuine issue for trial." Byrd, 847 S.W.2d at 214.

Because the application of parental immunity depends upon the context in which the parent performs the acts in question, the scope and purpose of Butterworth's activities are material facts. See Broadwell, 871 S.W.2d at 476 n.2. It is undisputed that Stephen lived with his mother after his parents divorced and began helping his father at Chic's repair shop during the summer of 2000. Stephen helped Butterworth on weekdays during the summer and on Saturdays during the school year. Butterworth taught Stephen to change the oil and tires, to perform lubrications, and to service the trucks. Butterworth was the only person who gave Stephen instructions while at the repair shop.

As to the manner in which Stephen was paid, however, the evidence is less clear. According to Stephen's deposition testimony, Butterworth paid Stephen "just a little money here and there" rather than providing Stephen with a regular salary. However, Butterworth's statement of undisputed facts states that Butterworth "paid Stephen for his work." While the former method of payment tends to support Butterworth's position that Stephen's presence at Chic was to allow him to spend time with Butterworth, Butterworth's statement places Stephen in a position similar to that of an employee.

The evidence as to the reason for Stephen's work at Chic is similarly conflicting. Butterworth's affidavit states that he requested Stephen to help him at Chic's repair shop so that they could "do something together" and Stephen could learn "something about working and about truck maintenance." Stephen stated that he believed the purpose of his presence at the repair shop was "[j]ust to help" Butterworth. Stephen testified that he is not interested in becoming a truck mechanic. Butterworth's statement is consistent with his position that he was exercising parental supervision in teaching his son a trade. While Stephen's testimony is not completely inconsistent with Butterworth's assertion, it is equally consistent with the theory that Stephen's role was as an assistant, without regard to his status as child.

In assessing evidence for purposes of summary judgment, courts must examine the evidence in the light most favorable to the nonmoving party while drawing all reasonable inferences in the nonmoving party's favor. Carvell v. Bottoms, 900 S.W.2d 23, 26 (Tenn. 1995). Furthermore, "[c]ourts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion." Staples v. CBL & Assocs., Inc., 15 S.W.3d 83, 89 (Tenn. 2000); see Shadrick v. Coker, 963 S.W.2d 726, 737 (Tenn. 1998).

In viewing the evidence in the light most favorable to Mrs. Butterworth, the nonmoving party, the facts establish that Stephen aided Butterworth on a consistent basis in fulfilling Butterworth's own employment duties and that Stephen received monetary compensation for his efforts. Drawing all reasonable inferences in favor of Mrs. Butterworth's position, Stephen's role was no different than any other paid assistant to whom Butterworth owned a duty to maintain a safe working environment. Stated differently, the undisputed facts do not permit the granting of defendant's motion for summary judgment.[2]

## CONCLUSION

We conclude that the Court of Appeals erred in creating a bright-line rule prohibiting the application of parental immunity where the alleged negligence occurred in the performance of employment-related activities. Rather, courts must determine whether parental immunity applies based upon the facts and circumstances of each particular case. Viewing the facts in a light most favorable to the nonmoving party, we conclude that summary judgment was improperly granted. Accordingly, we affirm the judgment of the Court of Appeals reversing the trial court's grant of summary judgment but do so on other grounds. We remand this case to the trial court for further proceedings consistent with this opinion.

Costs of appeal are taxed equally to the appellants, John Butterworth and Chic Transportation, Inc., and their sureties, and to the appellee, Amy Butterworth, and her sureties, for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE

---

[2] Mrs. Butterworth further maintains that the doctrine of parental immunity should not be imputed to Chic as Butterworth's employer. However, because we have concluded that the trial court erred in granting summary judgment, we need not reach this issue.

-4-